**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SAMPSON K. KYERE, JR., MD, PhD.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 1:26-cv-02935-BAH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIFEBRIDGE HEALTH, INC., *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, DR. SAMPSON KYERE'S, MOTION TO REMAND**

Plaintiff, Dr. Sampson Kyere, by and through undersigned counsel, files this Memorandum of Law in support of his Motion to Remand pursuant to 28 U.S.C. § 1447, and requests remand of this matter to the Circuit Court for Baltimore City for the reasons set forth below.

**FACTUAL BACKGROUND**

Plaintiff, Dr. Sampson Kyere, is an Interventional and Diagnostic Radiologist, who was employed by LifeBridge Health (hereinafter "LifeBridge" or "LBH") when the facts giving rise to the underlying state court litigation arose. On October 19, 2023, Plaintiff filed suit in the Circuit Court for Baltimore City making both state and federal claims for disability discrimination, harassment, retaliation, unlawful medical inquiry and medical examination, and constructive discharge as well as other contract and tort claims against Defendants. On November 20, 2023, Defendants filed a Notice of Removal and removed the state court action to the United States District Court for the District of Maryland on the grounds that because "the ADA is a federal statute, the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331." *See* Exhibit 1. On November 29, 2023, Plaintiff voluntarily dismissed "without prejudice" the federal action in accordance with Federal Rule of Civil Procedure 41. *See* Exhibit 2. On November 27, 2023, Plaintiff filed another nearly identical civil action in the Circuit Court for Baltimore City,

albeit without any references to any federal statutes which may give a federal court original jurisdiction over the matter. *See* Exhibit 3.

***On December 6, 2023***, Plaintiff filed a First Amended Complaint ("FAC"). *See* Exhibit 4. The FAC brought claims against Defendants under the Maryland State Government Article for disability discrimination (Count I), unlawful harassment based on disability (Count II), unlawful and improper medical inquiry and examination (Count III), constructive discharge (Count IV), retaliation (Count V), and other common law state claims for tortious interference with his employment agreement by Defendant, Dr. Daniel Durand (Count VI), breach of Dr. Kyere's employment agreement (Count VII), breach of the Sinai Hospital Medical Staff Bylaws (Count VIII), gross negligence (Count IX), and civil conspiracy between Defendants (Count X). *Id*. The FAC, which has not been amended since December 6, 2023, asserted no claims under any federal law which would give a federal court original jurisdiction over the matter. *Id*.

On January 3, 2024, Defendants moved to compel arbitration of all claims citing an arbitration provision in Dr. Kyere's employment contract with LifeBridge. *See* Exhibit 5. The Arbitration provision of Dr. Kyere's employment contract required, in part, that "[t]he arbitration will be conducted by a single arbitrator, under the alternative dispute resolution procedure of the American Health Lawyers Association ("AHLA")." *See* Exhibit 6 at p. 13, Standard Terms and Conditions Governing the Employment of Members of the Sinai Hospital Faculty, effective June 1, 2021). Pursuant to Dr. Kyere's employment agreement, "[t]he arbitrator will render an opinion and a final award in accordance with the Maryland Uniform Arbitration Act, and the arbitrator's award may be entered in any court having jurisdiction." *Id*.

On March 18, 2024,[1] the Circuit Court granted the Defendants' Motion to Compel Arbitration and ordered all parties to "submit to arbitration." *See* Exhibit 7. The Court also stayed the matter "pending the parties' completion of arbitration and the filing of a joint motion to lift

[1] The Court's Order was entered on March 19, 2024 although the Court made its ruling orally on the record on March 18, 2024.

stay." *Id*.

On April 3, 2024, Dr. Kyere timely appealed the Court's decision to compel arbitration and filed a Statement of Claim with the AHLA in accordance with the AHLA Rules of Procedure for Employment Arbitration. *See* Exhibit 8, AHLA Rule 2.1 ("To file a claim, a party must: (1) complete and submit the claim form on the AHLA website; and on the form, provide a statement describing the issue(s) to be arbitrated and the nature of the relief sought; (2) pay the applicable fees listed in Exhibit 3; and (3) either provide a copy of an agreement to arbitrate (and a court order, if applicable) requiring arbitration of the claim under the Rules or cite a statute or regulation authorizing or requiring arbitration under the Rules."). Kimberly Daniel, Esquire, an Arbitrator who was selected by the parties in accordance with Section 3 of the AHLA Rules of Procedure accepted her appointment on May 1. 2024. *See* Exhibit 9. On June 14, 2024, Defendants filed a Motion to Stay Arbitration Pending Appeal. *See* Exhibit 10. On July 11, 2024, the Arbitrator granted Defendants' Motion to Stay Arbitration pending the appeal. *See* Exhibit 11.

On February 27, 2026, the Appellate Court of Maryland issued an Opinion affirming the Circuit Court's decision compelling arbitration but directed the Arbitrator to address the arbitrability of Dr. Kyere's claims against the individual Defendants "[t]o the extent that the factual allegations encompassed in any claim" "create ambiguity as to whether the Letter of Agreement and the Standard Terms apply to that claim." *Kyere v. Durand*, 269 Md. App. 1, 34, (2026).

After the Appellate Court issued its Opinion, Dr. Kyere filed a Motion for Leave to Amend the Statement of Claim. *See* Exhibit 12. The Arbitrator granted Dr. Kyere's Motion for Leave to Amend despite Defendants' opposition. *See* Exhibit 13. On July 8, 2026, Dr. Kyere filed with the AHLA a Second Amended Statement of Claim.[2] *See* Exhibit 14. Although the Second Amended Statement of Claim alleged a claim for "Unlawful Medical Inquiry and Medical Examination" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., this pleading was

[2] On November 1, 2024, Dr. Kyere filed an Amended Statement of Claim adding Daniel Blum, former President of Sinai Hospital, as a Respondent in the arbitration matter.

not filed in the stayed state court action.

On July 28, 2026, Defendants filed a Notice of Removal to remove the stayed pending state court action to federal court based on Dr. Kyere's filing of the Second Amended Statement of Claim with AHLA. Dr. Kyere now files the instant Motion to Remand.

## ARGUMENT

### A. Federal Courts are Courts of Limited Jurisdiction without any Jurisdiction over Matters Filed and Pending in an Arbitral Forum.

Under federal law, there is an "undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "Limited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III" and "for all lower federal courts, limited as well by statute." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). "Congress determines, through its grants of jurisdiction, which suits those courts can resolve." *Id*. Most prominently, "Congress has always given federal courts power to decide 'diversity' cases, between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)" and jurisdiction "to resolve cases 'arising under' federal law," commonly referred as federal question jurisdiction *Id*.

Accordingly, federal "district courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). Based on their limited jurisdiction, federal courts' jurisdiction may also "not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

"[I]f a statute confers federal jurisdiction over a suit, not only the plaintiff but also the defendant can get it into federal court." *Royal Canin U. S. A., Inc*., 604 U.S. at 27. In such instances, "***any civil action brought in a State court*** of which the district courts of the United

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). This removal statute must be given strict construction" in order to defer to the "power reserved to the states under the Constitution to provide for the determination of controversies in their courts." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co*., 29 F.3d 148, 151 (4th Cir. 1994).

This matter concerns the removal of a stayed state court action to federal court based on a Second Amended Statement of Claim filed in an arbitral forum, ***not state court***. Federal courts recognize arbitral forums are distinct from judicial tribunals such as state courts. By agreeing to arbitration, a party submits disputes to "an arbitral, rather than a judicial, forum" and "trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*., 473 U.S. 614, 628 (1985); *See also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*., 559 U.S. 662, 685 (2010) (holding that in arbitration "parties ***forgo the procedural rigor and appellate review of the courts*** in order to realize the benefits of ***private dispute resolution***: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.") (emphasis added).

In this case, there is no allegation of diversity of citizenship between the parties. Accordingly, the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, the notion that federal

jurisdiction can be established by examining the substantive disputes between parties in an arbitration proceeding has been rejected. Specifically, the Supreme Court held that looking to the substantive dispute between parties in an arbitration "locates jurisdiction not in the action actually before the court, but in another controversy neither there nor ever meant to be." *Badgerow v. Walters*, 596 U.S. 1, 12 (2022). The Court referred to such an exercise as "look-through jurisdiction" which it asserted cannot be established "out of thin air" without a statutory basis. *Id*. The Court concluded that when a "statutory basis for look-through jurisdiction is lacking," establishing federal court jurisdiction using such means "would indeed be jurisdictional 'expan[sion] by judicial decree.'" *Id*. In doing so, the Court distinguished the case from another Supreme Court case where it permitted "look-through jurisdiction" to substantive disputes in arbitration to establish federal jurisdiction. *Id*. at 4. In that case, the Supreme Court concluded that it had a statutory basis to establish federal jurisdiction by looking at the substantive dispute between the parties in arbitration because the Federal Arbitration Act ("FAA") "instructs a federal court to 'look through' the petition to the 'underlying substantive controversy' between the parties—even though that controversy is not before the court" when a Section 4 petition to compel arbitration is before the Court. *Id*. at 5. In *Badgerow*, however, the Supreme Court held there was no similar statutory language permitting "look-through jurisdiction" when a Section 9 and 10 petition to confirm or vacate an arbitral award under the FAA was pending. "Without that statutory instruction," the Court held, "a court may look only to the application actually submitted to it in assessing its jurisdiction." *Id*.

"The right to remove a lawsuit from state to federal court is entirely a creature of statute[,] and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1079 (2026) (internal quotation omitted). In this case, Defendants improperly removed the stayed state court action in clear violation of the federal jurisdictional statutes. The federal removal statute only permits removal of a "***civil action brought in a State court*** of which the district courts of the

United States have original jurisdiction." 28 U.S.C. § 1441 (emphasis added). In the Notice of Removal, Defendants assert this Court has original jurisdiction over the pending stayed state court action pursuant to 28 U.S.C. § 1331 which establishes federal question jurisdiction. ECF 1 at 3. The determination of federal question jurisdiction by the Court pursuant to 28 U.S.C. § 1331 "is based ***only*** on the allegations in the plaintiff 's 'well-pleaded complaint'" filed in the state court action. *Royal Canin U. S. A., Inc.*, 604 U.S. at 26 (emphasis added). "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 11, fn. 9 (1983). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the instant case, Defendants acknowledge that Dr. Kyere "has not amended his pleading in state court" which was filed on ***December 6, 2023*** to trigger Defendants' right to remove the action. *See* ECF 1 at 4. The pending operative FAC in the state court also presents no federal question to form the basis for federal jurisdiction but asserts purely state law claims. *See* Exhibit 4. Therefore, Defendants had no basis, statutory or otherwise, to remove the pending stayed state court action and this Court lacks jurisdiction over that matter pursuant to 28 U.S.C. § 1331.

Defendants state that the Second Amended Statement of Claim filed only in the AHLA arbitration proceeding and not in state court, asserts claims under the ADA, which forms sufficient basis to remove the stayed state court action. *See* ECF 1 at 3. Federal courts, however, have no statutory basis to exercise jurisdiction over a matter based on pleadings filed in arbitration and not in Court. *See Badgerow*, 596 U.S. at 12. *See also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008) (holding that even the FAA does not confer upon federal courts "jurisdiction over controversies touching arbitration," but requires "an independent jurisdictional basis."). Defendants are attempting to do what has been rejected by the Supreme Court: establish federal question jurisdiction "out of thin air" via a "look-through" analysis to an arbitration pleading not

filed in a state court action without any statutory basis. *See Badgerow*, 596 U.S. at 12.

The Second Amended Statement of Claim filed in arbitration does not amend the state complaint, supersede the state complaint, become part of the state-court record, or alter the claims pending before the Maryland Circuit Court. Instead, it expands a separate arbitral proceeding. Thus, while the arbitration pleading may demonstrate that the Dr. Kyere has chosen to pursue federal claims elsewhere, it does not change the jurisdictional character of the "civil action brought in a State court" which is the only relevant inquiry in this instance under federal Courts' established "well-pleaded complaint" rule. Therefore, Defendants' removal was improper and contrary to law.

**B. <u>The Fourth Circuit's expansive construction of "other paper" under the removal statute does not overcome the federal jurisdictional deficiencies of the instant matter.</u>**

Relevant to the Court's determination regarding jurisdiction in this case is also whether Plaintiff's Second Amended Statement of Claim filed in an arbitral forum is a document which constitutes "other paper" under 28 U.S.C. § 1446(b) which would trigger a defendant's right to removal. Under federal law, it does not. Even if it did, an "other paper" under 28 U.S.C. § 1446(b) is "rarely, if ever" used to establish federal question jurisdiction which Defendants attempt to do in the instant matter.

Section 1446 of Title 28 provides the procedure for removal of civil actions from state court to federal court. Ordinarily, a Notice of Removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446. When "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, ***of a copy of an amended pleading, motion, order or other paper*** from which it may ***first be ascertained that the case is one which is or has become removable***." *Id*. (emphasis added). This provision has been referred to as an "ascertain[ment] provision" and "functions much like a discovery rule, giving defendants extra time to remove after the date on which they learned or should have learned that a case was

removable." *Enbridge Energy, LP*, 146 S. Ct. at1083. In the Fourth Circuit, a "'motion, order or other paper'" need not be "part of the state court record." *Yarnevic v. Brink's*, Inc., 102 F.3d 753, 755 (4th Cir. 1996). Instead, "[t]he 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Id*. In *Yarnevic*, the case was removed based on diversity jurisdiction, not federal question jurisdiction. *Id*. at 754. Although the *Yarnevic* Court broadly defined "other paper" in § 1446(b), the Court cited the "unique posture" of the diversity jurisdiction case and held that "[w]e do not think § 1446(b) requires that the 'motion, order or other paper' be part of the state court record, ***especially in a case like this where diversity is created by a voluntary act of the plaintiff and the case has already been properly removed***." *Id*. at 755 (emphasis added). Therefore, *Yarnevic* does not stand for the proposition that the Fourth Circuit's broad definition of "other paper" in § 1446(b) circumvents the long-established "well-pleaded complaint" rule.

However, the "motion, order or other paper" must be "***exchanged in the case by the parties***." *Lovern v. Gen. Motors Corp*., 121 F.3d 160, 162 (4th Cir. 1997) (emphasis added). Accordingly, a pleading or document received in a separate matter filed in a separate tribunal is not an "other paper" within the purview of 28 U.S.C. § 1446. "The purpose of this requirement is to ensure that a defendant receives adequate notice that a case is removable before being subject to the 30-day deadline to file its removal notice," not broaden the Court's jurisdiction. *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 187 (4th Cir. 2017). In the instant case, Defendants argue that the Second Amended Statement of Claim that asserts federal claims under the ADA, which was filed in an arbitral forum, not in state court, constitutes an "other paper" which permits Defendants to remove the stayed court action to federal court. *See* ECF 1 at 4. However, an arbitration pleading is materially different from the informal communications in *Yarnevic* because it is a pleading filed in a separate tribunal, not a document generated in or received through the state-court litigation. In addition, section 1446(b)(3) presupposes that the "other paper" reveals that the state-court civil action has become removable. However, an

arbitration filing does not amend, supplement, or otherwise alter the claims pending before the state court. Rather, it pertains to a separate and distinct adjudicative proceeding governed by the parties' arbitration agreement and Rules of Procedure established by the AHLA. Treating an arbitration pleading as an "other paper" would impermissibly allow a separate tribunal to redefine the jurisdictional character of a state-court action, contrary to § 1441(a)'s limitation that only a "civil action brought in a State court" may be removed.

Nonetheless, even if the Court determined the Second Amended Statement of Claim is an "other paper" under 28 U.S.C. § 1446(b), the Court would still lack jurisdiction over the matter. "[T]ypically when courts look to 'other paper' to ascertain removability, ***courts are clarifying that diversity jurisdiction has been established***." *Blanding v. Bradley*, No. CIV. SAG-14-337, 2014 WL 1514675, at *2 (D. Md. Apr. 15, 2014) (emphasis added); *See also Dougherty v. Cerra*, 987 F. Supp. 2d 721, 728 (S.D.W. Va. 2013) ("In most cases, when courts look to other paper to ascertain removability, [they] are clarifying that diversity jurisdiction has been established.") (internal quotation omitted); *Yarnevic*, 102 F.3d at 755. "Extrinsic documents ***will rarely, if ever, affect a federal court's subject matter jurisdiction in federal question cases*** because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." *Id*. (emphasis added). As noted above, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that ***federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint***." *Caterpillar Inc.*, 482 U.S. at 392 (emphasis added). This has been the law of the land since at least 1936. *See Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936). Therefore, "[i]n most cases, when courts look to "other paper" to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007).

Defendants attempt to overcome decades of federal jurisprudence establishing the "well-pleaded complaint rule" by citing to a United States District Court case from the Eastern District of California. *See* ECF 1 at 4. Defendants, however, mischaracterize that case and ignore the

United States Supreme Court's subsequent holding in *Badgerow*. In the case cited by Defendants, the Court did not conclude that a proposed amended arbitration demand was an "amended pleading, motion, order or other paper" within the purview of section 1446(b)(3). *See Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1172 (E.D. Cal. 2011). To the contrary, in that case the Court merely "conclude[d] that *if* the amended proposed arbitration demand, with its arguable federal law claims, constitutes an 'other paper' that gave Defendants notice of removability, the matter was still not timely removed." *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1172 (E.D. Cal. 2011) (emphasis in original). The Court further considered the additional issue of "whether the *proposed* amended demand" filed in an arbitral forum "can be considered 'an amended pleading, motion, order or other paper' under § 1446(b)." *Id.* (emphasis in original). After examining cases relating to "a proposed amended complaint" in state court actions, the Court held that "removal ripens only after the state judge grants the motion to amend." *Id.* at 1173. Accordingly, it declined to exercise federal jurisdiction based on a proposed amended demand for arbitration. *Id.* Based on the Court's analysis, *Lion Raisins, Inc.* does not stand for the proposition that an amended pleading only filed in an arbitration tribunal is basis for federal question jurisdiction by federal courts. Therefore, Defendants reliance on that case is misplaced.

**C. Defendants had no objective reasonable basis to file a Notice of Removal and the Court should award costs and fees in accordance with 28 U.S.C. § 1447.**

The Court should exercise the discretion afforded to it under federal law to award Dr. Kyere just costs and actual expenses, including attorney fees. In this case, Defendants lacked any objective reasonable basis to remove the pending stayed state court action based on a filing in a separate arbitral forum. The face of the Notice of Removal they filed also demonstrates they were aware the removal was improper.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. The Supreme Court has held that "Section 1447(c) authorizes courts to award costs and fees, but only when such

an award is just." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). In determining whether to award costs and fees pursuant to section 1447(c) as part of an Order remanding a matter to state court, "[t]he appropriate test. . . should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. The Court ruled that this test requires that "the standard for awarding fees should turn on the reasonableness of the removal." *Id*. at 141. Therefore, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an ***objectively reasonable basis for seeking removal***." *Id*. (emphasis added). If a court exercises its discretion to depart from this general rule, the Supreme Court has instructed that "its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id*.

"[F]or a removal to be objectively unreasonable, it must be more than wrong." *Black v. Mantei & Assocs., Ltd*., 145 F.4th 528, 538 (4th Cir. 2025). The Court explained that "[f]ederal jurisdiction and removal can be confusing, hence the leeway given to a defendant to make a wrong-but-reasonable removal." *Id*. However, "bad faith is not a prerequisite to an award of attorney's fees under § 1447(c)." *In re Lowe*, 102 F.3d 731, 733 fn.2 (4th Cir. 1996)

The Fourth Circuit has affirmed award of attorney's fees and costs when a Defendant removes a state court action in violation of removal statutes. *See Dreamworks Motorsports, Inc. v. Klein*, No. 24-2006, 2026 WL 837544, at *2 (4th Cir. Mar. 26, 2026). In *Dreamworks Motorsports, Inc*., the District Court held that the Defendant "lacked any objectively reasonable basis for pursuing removal" because the removal was made "well beyond the one-year statutory bar." *Dreamworks Motorsports, Inc. v. Klein*, No. 1:24-CV-0008, 2024 WL 1860153, at *5 (M.D.N.C. Apr. 29, 2024), aff'd, No. 24-2006, 2026 WL 837544 (4th Cir. Mar. 26, 2026). The Court concluded that "[e]ven a 'cursory examination ... would have revealed' a lack of grounds for removal." *Id*. On appeal, the Fourth Circuit found the District Court did not abuse its discretion

in awarding attorney's fees because the Defendant "lacked an objectively reasonable basis for seeking removal." *Dreamworks Motorsports, Inc*., 2026 WL 837544, at *2.

The Defendants' removal of the instant action was contrary to well-settled authority under federal law. The Defendants' removal, therefore, lacked any objective reasonable basis. Specifically, the legal principle that federal question jurisdiction is established only by an examination of Plaintiff's "well-pleaded complaint" has long been established. *See Gully*, 299 U.S. at 113. Prior to Defendants' removal of the action, Plaintiff expressly informed Defendants that the Second Amended Statement of Claim "does not amend the operative complaint in Circuit Court" and there would, therefore, be "no basis to remove that action the basis" of an amended claim in arbitration. *See* Exhibit 15. In response, Defendants' counsel conceded that the argument that a federal court "should look to the state court complaint rather than the arbitration complaint" if a Defendant sought removal was "a plausible argument" in a Motion to Remand although he did not "think" that was correct. *See* Exhibit 16. When asked to produce "a case or other authority regarding this alleged removal issue, namely how amendment of an arbitration claim against a different defendant impacts a pending state court complaint, with no federal claim," Defendants never provided any legal authority but merely asserted that they would oppose an amendment of the arbitration claim. *See* Exhibit 17. This exchange demonstrates that Defendants were aware that there was, at minimum, a "plausible" argument that there is no legal basis to remove a state court action based on an amended claim in arbitration. Removing a state court action without adequately vetting this "plausible" argument is violative of the removal statute.

Under the removal statute, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure…" 28 U.S.C. § 1446. The express incorporation of Rule 11 into the removal statute is significant. By signing and filing the Notice of Removal, Defendant and its counsel certified, "after an inquiry reasonable under the circumstances," that the removal was not

"being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal contentions supporting removal were "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." Fed. R. Civ. P. 11.

The impropriety of removing a state court action based on federal question jurisdiction when no federal claim is asserted in the operative state court complaint is not a close call. The cases cited by Defendants in the Notice of Removal demonstrate this. Specifically, Defendants cite *Quillin v. Simon*, No. 3:20-CV-3063-CMC-SVH, 2021 WL 1589274, (D.S.C. Apr. 22, 2021) which held that the Fourth Circuit's expansive construction of "other paper" under 28 U.S.C. § 1446(b) was relevant to removals based on diversity jurisdiction and distinguishable in cases where a Defendant removes on the basis of a federal question. *Id*. That case also discusses another Maryland District Court case which informed Defendants that "[e]xtrinsic documents will rarely, if ever, affect a federal court's subject matter jurisdiction in federal question cases because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." *Vince's Crab House, Inc. v. Olszewski*, No. CV JKB-20-2218, 2020 WL 5569744, at *3 (D. Md. Sept. 17, 2020).

The very cases cited by the Defendants in the Notice of Removal or identified in those cases, therefore, informed Defendants that (1) to determine if an action arises under federal law, courts apply the long established "well-pleaded complaint rule," which provides that federal question jurisdiction exists in instances such as this case only when a federal issue is presented on the face of the plaintiff's properly pleaded complaint pending in a state court action, and that (2) typically when courts look to 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established, not federal question jurisdiction—the precise arguments made by Dr. Kyere in this Motion. Defendants, therefore, filed the instant Notice despite being aware of legal authority informing them that removal of the instant court action is improper.

As such, the Notice of Removal was not merely legally erroneous; it was filed without an

objectively reasonable basis for invoking this Court's jurisdiction and with clear disregard for legal authority Defendants were aware of. The practical effect, and apparent purpose, of that maneuver was not to advance resolution of the parties' substantive dispute, but to create an additional layer of collateral federal litigation concerning jurisdiction. The resulting prejudice to Dr. Kyere is real. Dr. Kyere has been required to expend substantial attorney time and resources analyzing Defendants' jurisdictional theories, researching removal and remand issues, preparing this Motion, and responding to a federal proceeding that should never have been initiated. Those efforts have necessarily diverted attention and resources from the arbitration in which the parties' substantive claims are actually being litigated. Although a hospital system conglomerate backed by insurance defense can afford such litigation maneuvering, an individual Plaintiff without such resources cannot. Award of payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal is just and proper.

To the extent that the Court enters an Order remanding the matter to state court and grants Plaintiff's request for award of fees and costs, undersigned counsel will submit an affidavit setting out the fees and other expenses associated with the filing of the instant Motion and any related filings.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order granting Dr. Kyere's Motion for Remand and award Plaintiff payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Respectfully submitted,

/s/ *Tiffany Releford*

Tiffany Releford, Esq. (Bar No. 28038)
Ice Miller L.L.P.
100 Light Street, Suite 2700
Baltimore, MD. 21202
(410)-951-5884
(410)-951-5879 (facsimile)
Tiffany.Releford@icemiller.com
*Counsel for Sampson Kyere, MD, PhD*