Go to

Go to

EXHIBIT 8

Go to

Find a Mediator File an Arbitration Claim

# Rules of Procedure for Employment Arbitration (Effective February 6, 2025)

# Table of Contents


[Introduction]

**Section 1: Policies**
- Applicable Version of Rules
- Desk Arbitration
- Electronic Case Management System
- Representation
- Counting of Days
- Disclaimer
- Administrator

**Section 2: Filing a Claim**
- Requirements
- Service
- Exception for Mandatory Arbitration Clauses
- Dispute Regarding Mandatory Nature of Arbitration Clause

**Section 3: Appointment of an Arbitrator**
- Criteria
- Appointment Process
- Acceptance of Appointment
- Appointment Date
- Arbitration Panels
- Alternative Selection Processes

**Section 4: Arbitrators**
- Conduct
- Ex Parte Communication
- Case Management
- Review Board
- Removing an Arbitrator
- Exigent Circumstances
- Replacing an Arbitrator

**Section 5: Pre-Hearing Process**
- Objections, Answers, and Counterclaim
- Preliminary Awards
- Deposits
- Status Conference
- Discovery

**Section 6: Hearings**
- Exchange of Information
- Transcript
- Attendance
- Oaths
- Conduct of Hearings
- Evidence
- Failure to Appear
- Close of Hearing

**Section 7: Final Awards**
- Deadline
- Basis
- Consent Award
- Failure to Prosecute
- Scope of Relief
- Fees and Expenses
- Form
- Reasoning
- Corrections
- Effect and Use

**Section 8: Post-Award Proceedings**
- Final Accounting
- Release of Documents
- Judicial Proceedings

**Section 9: Emergencies**
- Request for Emergency Relief
- Emergency Appointment
- Standard of Review
- Deposit
- Relief
- Extension of Appointment

**Section 10: Class Arbitrations**

- Motions
- Hearing Format
- Subpoenas
- Inspection or Investigation
- Valuation or Appraisal
- Consolidation
- Joinder
- Confidentiality

**Exhibit 1: Arbitrator Selection Process**
**Exhibit 2: Guidelines for Med-Arb and Arb-Med**
**Exhibit 3: Fee Schedule**


## Introduction

Arbitration is a centuries-old way for industries to promote commerce through self-regulation. It is particularly well suited for disputes involving health care because of the complex nature of the health care marketplace and its highly regulated nature. Disputes are best resolved by arbitrators who understand the laws and regulations governing the delivery of health goods and services and the context in which they are provided.

Disputes impede the close cooperation needed to deliver quality health care. By resolving claims quickly, arbitration helps the health care system maintain its focus on promoting wellness and treating patients.

For further information about these rules or our dispute resolution program, please contact us at drs@americanhealthlaw.org or 202-833-0762.

## Section 1: Policies

**1.1 Applicable Version of Rules**
These rules apply to disputes that arise from contracts that call for arbitration under the Rules of the American Health Law Association and that meet the definition of an Employment Case. An “Employment Case” means a dispute between an organization and an individual arising out of an application for, the course of, or the termination of an employment relationship.

A claim will be arbitrated in accordance with the version of these rules (Rules) posted on the website of the American Health Law Association (AHLA) on the date a claim is filed. Any reference to the Rules of the American Health Law Association Alternative Dispute Resolution Service will be deemed to be a reference to such version of the Rules.

**1.2 Desk Arbitration**
(a) WHEN AVAILABLE. For any claim or counterclaim, regardless of the amount in controversy, the parties may agree to streamline the decision-making process through Desk Arbitration.

(b) PROCESS. The claim and/or counterclaim may be resolved in a standard award by submission of documents only. The arbitrator shall establish a fair and equitable procedure for the submission of initial and rebuttal documents and briefs, if any. In extraordinary circumstances, the arbitrator may determine that discovery or witness testimony is necessary to resolve one or more of the issues in dispute.

**1.3 Electronic Case Management System**

(a) APPLICABILITY. Parties, party representatives, the Administrator (defined in Section 1.7), and the arbitrator (once appointed), will transmit written messages and documents regarding a case through AHLA's Electronic Case Management System (ECM).

(b) NOTICE. A message is deemed to have been received by the person(s) participating in a claim on the next business day after it is sent through the ECM. A party or party representative who is on the participant list is deemed to have notice of the contents of any message sent through the ECM.

(c) FILING. A document is deemed to have been filed on the day it is transmitted (uploaded) to the ECM.

(d) SERVICE. A document is deemed to have been served on the date it is uploaded to the appropriate case site on the ECM.

**1.4 Representation**

Parties may designate a representative. The claimant should designate its representative on the claim form. Any party may designate a primary representative, designate additional representatives, change its representative, or withdraw a representative by completing the Participate in a Claim form. Unless otherwise required by law, a representative need not be an attorney so long as the individual is an officer of the party or an agent properly designated to act on behalf of the party.

**1.5 Counting of Days**

Unless otherwise indicated, "days" means calendar days. If a deadline is inadvertently set for a weekend, or for a weekday on which AHLA is officially closed, the item is due on the next business day. Prior to the appointment of an arbitrator, the Administrator has discretion to extend the deadlines set forth in the Rules for good cause shown or upon the request of all parties.

**1.6 Disclaimer**

AHLA and its employees, Board members, agents, volunteers, and arbitrators are not liable for any loss, liability, or damages arising out of any act or omission in connection with any arbitration under the Rules. Every person or entity participating in an arbitration or mediation under AHLA Rules consents to these terms.

**1.7 Administrator**

"Administrator," as used in these Rules, means the AHLA and any AHLA employee designated by AHLA to serve as the Administrator or Acting Administrator.

[Top of Page]

## Section 2: Filing a Claim

**2.1 Requirements**

To file a claim, a party must:

(1) complete and submit the claim form on the AHLA website; and on the form, provide a statement describing the issue(s) to be arbitrated and the nature of the relief sought;

(2) pay the applicable fees listed in Exhibit 3; and

(3) either provide a copy of an agreement to arbitrate (and a court order, if applicable) requiring arbitration of the claim under the Rules or cite a statute or regulation authorizing or requiring arbitration under the Rules.

**2.2 Service**
The Respondent must receive notice of the claim as set forth below.

(a) ECM. If the Claimant furnishes a valid email address for the Respondent or its representative, the Administrator will invite the Respondent or representative to create an account in the ECM and access the case site. If the respondent or representative accepts this invitation, and thereby gains access to the case site, no further notice is necessary since the statement of claim, and all information provided on the claim form, is available on the case site.

(b) ALTERNATIVE MEANS. If, for any reason, neither the Respondent nor a person representing the Respondent gains access to the case site, the Claimant must serve the claim on the Respondent in accordance with applicable law and must upload proof of service to the ECM.

**2.3 Exception for Mandatory Arbitration Clauses**
(a) EMPLOYER RESPONSIBILITY. If an employee voluntarily files a claim under a Mandatory Arbitration Clause, the employer is responsible for paying the basic filing fee (for a list of 5 candidates). To receive an expanded list of candidates, an employee must pay the difference between the fee paid by the employer and the fee applicable to the list the employee is requesting. Voluntarily means not pursuant to a court order.

(b) DEFINITION. "Mandatory Arbitration Clause" means an agreement to arbitrate Employment Cases that an employer requires employees to sign in order to become or remain employed, or that an employee reasonably perceives to be required and non-negotiable. If the employer introduces credible evidence that it negotiated material terms of the employment agreement with the employee or the employee's representative, the arbitrator shall presume that the arbitration clause was negotiable (not mandatory). The employee may rebut this presumption with credible evidence that he or she asked the employer to remove or modify the arbitration clause and the employer indicated this clause was non-negotiable.

**2.4 Dispute Regarding Mandatory Nature of Arbitration Clause**
(a) INITIAL PAYMENTS. If an employee asserts the agreement to arbitrate is a Mandatory Arbitration Clause and the employer disagrees, the employer must pay the basic filing fee (for a list of 5 candidates) and initial deposit unless it is clear from the face of document the agreement is not a Mandatory Arbitration Clause, in which case the employee is responsible for his or her own filing fee and share of the initial deposit. To receive an expanded list of candidates, an employee must pay the difference between the fee paid by the employer and the fee applicable to the list the employee is requesting.

(b) PRELIMINARY HEARING. The arbitrator, once appointed, will promptly schedule a preliminary hearing to determine whether the agreement to arbitrate is a Mandatory Arbitration Clause. The arbitrator may conduct the hearing by telephone, by video conference, and/or by submission of briefs.

(c) INTERIM AWARD. Within ten (10) days after this preliminary hearing is closed, the arbitrator will issue an interim award on whether the agreement to arbitrate is a Mandatory Arbitration Clause. If the arbitrator rules in favor of the employer, the arbitrator will order the employee to pay the filing fee and

half of all deposits, including the initial deposit.

[Top of Page]

## Section 3: Appointment of an Arbitrator

**3.1 Criteria**
If the filing party (Claimant) produces a document that arguably requires arbitration of the claim under the Rules, the Administrator will appoint an arbitrator pursuant to the process described in this Section. After receiving appropriate evidence and argument, the arbitrator, once appointed, shall have the power to determine his or her jurisdiction and any issues of arbitrability. AHLA's decision to accept a claim has no bearing on the arbitrator's determination regarding jurisdiction.

**3.2 Appointment Process**
The appointment process begins after the requirements in Section 2 have been met. However, AHLA will not post a candidate list until at least 14 days after a respondent was served in accordance with Rule 2.2(b), unless the respondent enters an appearance.

Unless the parties agree otherwise in writing, the Administrator will appoint a single, neutral arbitrator through the process set forth in the Rules.

(a) NUMBER OF CANDIDATES. In its Demand for Arbitration, the filing party may request and pay for:

5 candidates with each party having the right to strike 1 candidate;

10 candidates with each party having the right to strike up to 2 candidates;

12 candidates with each party having the right to strike up to 3 candidates; or

15 candidates with each party having the right to strike up to 5 candidates.

If the filing party initially requests fewer than 15 candidates, then prior to the due date for rankings (see subsection (f) below), any party may expand the number of candidates by paying the difference between the filing fee applicable to the number of candidates it is requesting and the fee already paid by the filing party.

(b) CANDIDATE LIST. The Administrator will provide a list of candidates based on information provided by the Claimant in the Demand for Arbitration and any additional information a responding party may choose to provide.

(c) CANDIDATE PROFILES. The Administrator will provide the parties with the profiles and resumes of all candidates. Profiles and resumes are completed by candidates. AHLA does not verify the information in profiles and resumes and does not warrant that they are accurate, current, or complete.

(d) REVIEW OF CANDIDATES. In ranking candidates, parties should carefully assess the candidates' qualifications and experience. Parties may contact candidates directly to inquire about their suitability and their availability for appointment. Such contacts must be in writing, and a copy of any such

communication must be provided to the other party(ies). When corresponding with candidates, parties may disclose the general nature of the question in dispute in the case but may not discuss its merits.

(e) INELIGIBLE CANDIDATES. A party may request the Administrator to remove and replace one or more candidates from the Candidate List. The Administrator will grant this request only if it would be unethical or impossible for the candidate(s) to serve as the arbitrator of the claim.

(f) RANKING CANDIDATES. Within ten (10) days after AHLA posts the list of candidates and their profiles on the case site, parties must rank the candidates sequentially in order of preference. The most highly desired candidate should be ranked "1," the second choice should be ranked "2," etc. The number of permitted strikes is set forth in Rule 3.2(a). If a party fails to timely submit rankings in accordance with these Rules, the Administrator shall send notice that, if the party fails to submit rankings within five (5) days of the posting of the notice, the Administrator will appoint an arbitrator or panel based upon whatever rankings it has received by that date.

(g) SELECTION PROCESS. After removing any candidate struck from the list by a party, the Administrator will select the candidate with the lowest combined score from the rankings submitted on time. The process used in the event of a tie score is illustrated in Exhibit 1.

**3.3 Acceptance of Appointment**
Within five (5) days after receiving an offer of appointment from the Administrator, a candidate who has been selected must complete the Arbitration Disclosure Checklist and decide whether to accept the appointment. The Administrator may grant a reasonable extension of time.

A candidate accepts an appointment by completing an Arbitrator's Acceptance Form. If a candidate does not accept the appointment within the five (5) day period, and no extension has been granted, the Administrator may offer it to the candidate with the next lowest ranking. The Administrator will repeat this process until an arbitrator is appointed.

**3.4 Appointment Date**
The Appointment Date is the date on which an arbitrator's acceptance of appointment is uploaded to the ECM. If a panel has been appointed, the Appointment Date is the date on which the third arbitrator's acceptance of appointment is uploaded to the ECM.

**3.5 Arbitration Panels**
(a) DEFAULT PROCESS. Parties may agree to appoint a panel of three (3) arbitrators. Unless they specify otherwise, parties will each select a single arbitrator from a list of five (5), ten (10), twelve (12), or fifteen (15), candidates provided by the Administrator, and these two (2) arbitrators will select a third arbitrator from this same list of candidates. If the parties designate the same candidate as their top choice, this candidate becomes the panel chair (Chair), and the parties' second choices become the other two panel members.

(b) PRESUMPTION OF NEUTRALITY. If the two (2) selected arbitrators cannot agree on a third arbitrator, the Administrator will appoint a third from the list of candidates. All three (3) arbitrators shall be neutral unless, prior to the appointment date, the Administrator receives a written agreement stating that the party-appointed panelists will not be neutral.

(c) PANEL CHAIR. The third arbitrator (or consensus choice, as determined under Section 3.5(a)) will serve as the Chair. By default, the Chair manages the arbitration process and presides over the hearing. Unless a party requests a majority vote of the full panel before the ruling, the Chair may resolve any dispute related to procedural and/or evidentiary issues including, but not limited to, discovery and the admissibility of evidence.

[Top of Page]

## Section 4: Arbitrators

**4.1 Conduct**

(a) POWERS AND DUTIES. An arbitrator has the power to:

(1) determine his or her jurisdiction, powers, and duties under an arbitration clause;

(2) interpret the Rules to the extent that they relate to his or her powers or duties;

(3) sanction parties for failing to comply with any orders of the arbitrator or any obligations under the Rules. If a party willfully fails to comply, an arbitrator may draw adverse inferences, exclude evidence and other submissions, and/or assess costs resulting from the refusal to comply;

(4) stay or dismiss proceedings for good cause, which may include agreement of the parties;

(5) postpone any hearing upon agreement of the parties, or, for good cause, upon request of a party or upon the arbitrator's own initiative;

(6) manage discovery by issuing protective orders, setting search parameters for electronic searches, allocating costs for document searches and production, and other means;

(7) issue any other enforcement orders which the arbitrator is empowered to issue under applicable law; and

(8) take any actions and make any decisions that are necessary and proper to conducting a fair and efficient arbitration under the Rules.

(b) ETHICS. Arbitrators must comply with the Code of Ethics for Arbitrators in Commercial Disputes.

(c) SETTLEMENT AND MEDIATION. Arbitrators should encourage parties to discuss settlement on their own or with the assistance of a mediator. However, arbitrators should not pressure parties to settle, express a point of view on settlement, or participate in settlement discussions. An arbitrator may mediate only as provided in the Guidelines for Mediation-Arbitration (Med-Arb) and Arbitration-Mediation (Arb-Med) set forth in Exhibit 2.

(d) MANDATORY AGREEMENTS. An arbitrator or the Administrator must disregard any provision in a contract containing a Mandatory Arbitration Clause (see Rule 2.3(b)) that purports to either: (1) amend these rules in a manner that unreasonably prejudices the employee; or (2) limit the employee's statutory rights or remedies, including, but not limited to, any increase in the burden of proof required to prove liability or any cap lower than the applicable statutory cap on the recovery of damages, attorneys' fees, or costs. The Final Award must explain the basis for any decision on a statutory claim.

**4.2 Ex Parte Communication**

(a) GENERAL RULE. Except as provided in paragraphs (b) and (c) below, once an arbitrator is appointed, he or she may not communicate with a party unless all other parties participate in the conversation or exchange of written messages.

(b) NON-NEUTRAL ARBITRATORS. Parties who have agreed to the use of non-neutral arbitrators may agree to permit ex parte communications with such non-neutral arbitrators. Arbitrators are regarded as non-neutral when all parties expect them to be predisposed toward the party appointing them.

(c) FAILURE TO PARTICIPATE. If, after receiving notice, a party fails to participate in a teleconference or video conference or fails to appear at a hearing, an arbitrator may communicate with the participating parties despite that party's absence.

**4.3 Case Management**

(a) DEFAULT TIMEFRAME. Except as provided below, an arbitrator should use reasonable efforts to issue a Final Award within twelve (12) months after the Appointment Date. Arbitrators should schedule pre-hearing proceedings and hearings accordingly.

(b) EXPEDITED REVIEW. If the parties jointly request expedited review, the arbitrator should make best efforts to issue a final award within ninety (90) days after the Appointment Date.

(c) EXCEPTIONAL CASES. If an arbitrator determines that a case is unusually complex, or that a delay is necessary for other reasons, the arbitrator may allow more time for either pre-hearing proceedings or a hearing. However, arbitrators should exercise their discretion sparingly to permit further delay.

(d) TIMEFRAMES. The arbitrator may extend any timeframe for good cause but should endeavor to do so sparingly. Failure of the arbitration to adhere to any timeframe specified herein shall not result in loss of jurisdiction or invalidate an arbitration award.

**4.4 Review Board**

(a) PURPOSE. The Review Board (RB) and its designated Review Panel(s) will rule on petitions to remove an arbitrator under Rule 4.5.

(b) APPOINTMENT. The President of AHLA appoints five (5) Senior Arbitrators to serve three -year terms, one of whom will serve as the Review Board Chair (RB Chair). Non-chairs serving on the Review Board are eligible for appointment to serve as RB Chair. Individuals will be eligible to serve multiple terms on the Review Board, provided that three (3) years have elapsed since their last term of service ended.

(c) QUALIFICATIONS. All Senior Arbitrators must have significant experience in the arbitration of health law disputes.

(d) REVIEW PANELS. When the Administrator notifies the RB Chair that a petition under Rule 4.5(c) requires review, the RB Chair will designate a panel of three (3) Senior Arbitrators drawn from the current RB. This panel may or may not include the RB Chair. In deciding which Senior Arbitrators to

select, the RB Chair may take into account their availability, expertise, actual or perceived conflicts of interest, and any other factors relevant to ensuring a well-reasoned and impartial decision. The panel will decide substantive matters by majority vote.

(e) COMPENSATION. Senior Arbitrators will receive no compensation for reviewing petitions under Rule 4.5 (Removing an Arbitrator).

(f) ETHICS. When serving on a Review Panel, Senior Arbitrators must comply with the Code of Ethics for Arbitrators in Commercial Disputes.

**4.5 Removing an Arbitrator**

A party who believes an arbitrator has a conflict of interest, has engaged in conduct that calls his or her fairness or impartiality into question, or is unwilling or unable to perform his or her duties, may pursue the following options:

(a) UNANIMOUS CONSENT. If all parties request an arbitrator to withdraw, the arbitrator must do so. (Code of Ethics, Canon II (G)).

(b) WITHDRAWAL. A party may request an arbitrator to withdraw in writing, served upon the Administrator, the arbitrator and all other parties. In responding to such a request, an arbitrator should be guided by Code of Ethics Canon II (G)(2).

(c) REMOVAL. A party may file a petition with the Administrator requesting the Review Board to remove the arbitrator. Other parties may file a response with the Administrator within fifteen (15) days of service. If the petitioner so requests, neither the Review Panel nor any party may inform the arbitrator of the petition. In ruling on the petition, however, the Review Panel will consider the arbitrator's lack of opportunity to respond. If the Review Panel grants a petition, it will inform the arbitrator why he or she was removed. The Review Board may assess costs and expenses for reviewing a frivolous petition for removal. A petition which alleges bias solely because of unfavorable rulings may be regarded as frivolous. The Review Board is not a court of appeal.

**4.6 Exigent Circumstances**

A party may petition the Administrator to have the proceedings suspended while a petition for removal is being reviewed in accordance with Rule 4.5 (c) if delay is likely to cause irreparable harm. Neither the Review Panel nor any party may inform the arbitrator of this petition.

**4.7 Replacing an Arbitrator**

If an arbitrator is removed pursuant to Rule 4.5, or an arbitrator becomes unable or unwilling to serve, the Administrator will replace the arbitrator as follows:

(1) If the arbitrator being replaced was chosen from a list of ranked candidates (see Rule 3.2), the Administrator will appoint the candidate with the next lowest combined score, and, if necessary, use the tie-breaking procedures set forth in Exhibit 1.

(2) If the arbitrator being replaced was not chosen from a list of ranked candidates and the parties cannot agree on a replacement, either party may request a list of candidates to review and rank in accordance with Rule 3.2(a) and the fee schedule set forth in Exhibit 3 to these Rules.

(3) Generally, a replacement arbitrator will conduct an arbitration de novo. However, the parties may agree to alternative arrangements.

[Top of Page]

## Section 5: Pre-Hearing Process

**5.1 Objections, Answers, and Counterclaims**

(a) DUE DATE. A responding party may: (i) object to arbitration of a claim, (ii) file an answer, and (iii) file a counterclaim and/or third-party claim, if any, within fifteen (15) days after the Appointment Date (see Rule 3.4). The arbitrator (or arbitration panel) may extend this deadline for good cause. An answer is not required for the arbitration to proceed.

(b) FILING FEE. The filing fee for a counterclaim and/or third-party claim shall be the same as the filing fee paid by the claimant. No party shall be required to pay more than one filing fee per claim.

(c) PRE-APPOINTMENT. No permission is required to file an amended claim, counterclaim, or third-party claim prior to the appointment of an arbitrator.

**5.2 Preliminary Awards**

(a) ARBITRABILITY. Once appointed, the arbitrator may issue a preliminary award that addresses whether the arbitration clause is valid, and whether it applies to the claims or counterclaims raised by the parties.

(b) INTERIM RELIEF. An arbitrator may issue interim relief, including an injunction, to maintain the status quo in the dispute until a Final Award is issued. Interim relief will not affect the final determination of the dispute. An interim award may assess costs, fees, and interest associated with the relief awarded. The arbitrator may require security for the costs of such measures and order payment for the costs of holding funds in escrow.

**5.3 Deposits**

(a) REQUESTS. The Administrator may require the parties to deposit in advance sufficient funds to cover the costs of the arbitration, including the arbitrator's fees and expenses. The Administrator may require the parties to provide additional funds whenever the amount on deposit appears to be insufficient to cover the costs of the arbitration, including the arbitrator's fees and expenses.

(b) DELAYED PAYMENT. If the Administrator does not receive the required amount, the arbitrator may suspend proceedings pending receipt of these funds. The arbitrator may also sanction a party for non-payment unless the party can prove to the arbitrator's satisfaction that paying the deposit would cause financial hardship. A party may lift the suspension by depositing the amount due from another party and may request the arbitrator to take this additional payment into account in the award.

(c) NON-PAYMENT. If the arbitrator concludes that the parties are not going to provide the required deposit, he or she may terminate proceedings. In addition, if the contract at issue contains a Mandatory Arbitration Clause within the meaning of Rule 2.3(b), and if, after receiving multiple requests and an opportunity to cure, the employer fails to deposit a reasonable amount to cover the fees and expenses for which it is responsible under Rule 7.6(c), the arbitrator may enter default judgment against the employer.

**5.4 Status Conference**
Once appointed, an arbitrator will schedule a status conference with the parties as quickly as possible. This conference will be held by telephone or video conference unless the parties and the arbitrator agree to meet in person. During the conference the arbitrator will discuss:

(1) challenges to the arbitrator's jurisdiction;

(2) discovery and motions;

(3) the hearing schedule and format;

(4) witnesses and exhibits;

(5) the treatment of confidential information and documents;

(6) the scope and form of the Final Award; and

(7) any other matters the arbitrator deems appropriate to consider.

Prior to the conference date, the parties must confer regarding the subjects to be discussed and seek agreement on as many scheduling issues as possible. The arbitrator shall issue a scheduling order setting forth the matters addressed during this hearing and other matters as the arbitrator deems appropriate.

**5.5 Discovery**
To promote speed and efficiency, the arbitrator, in his or her discretion, should permit discovery that is relevant to the claims and defenses at issue and is necessary for the fair resolution of a claim. Expert discovery shall be specifically addressed, and the disclosure of expert witnesses shall be sequenced in a fashion that will allow fair discovery to proceed.

**5.6 Motions**
The arbitrator may allow the filing of, and make rulings upon, a dispositive motion only if the arbitrator determines that the moving party has shown that, if the motion is successful, it is likely to dispose of or narrow the issues in the case. The arbitrator may allow other motions, including motions in limine, which the arbitrator determines will add to the fair and efficient resolution of the case.

**Rule 5.7 Hearing Location and Format**
(a) The arbitrator will honor the parties' agreement, if any, on the location of the hearing unless applicable law requires a different locale.

(b) The arbitrator may receive evidence in-person, by videoconference, in writing, or through a combination of these methods.

(c) The arbitrator should solicit input from all party representatives on their preferred hearing format and strive to reach consensus on a hearing plan to the greatest extent possible.

(d) If the parties cannot agree on a hearing format, then the arbitrator should strike an appropriate balance between all relevant concerns including, but not limited to, the extent to which:

1) scheduling all or part of the hearing in person may:

a) be critical for the fair and adequate presentation of evidence and argument, and for the fair and adequate evaluation of evidence and argument;

b) be unsafe or inconvenient for representatives or witnesses to attend; or

c) cause prejudicial delay to one or more parties;

2) controlling costs is important to one or more parties (e.g., because the amount in controversy is small) and receiving some or all evidence in writing or by videoconference would be less expensive; and

3) concerns about video conferencing can be addressed through training, technical support, equipment, or other means.

(e) To secure the testimony of key witnesses, an arbitrator may convene a hearing in more than one location and/or on non-consecutive dates.

**5.8 Subpoenas**
(a) ISSUANCE. To the extent authorized by law, an arbitrator may issue subpoenas for the attendance of witnesses or the production of documents. Parties are expected to produce witnesses who are in their employ or otherwise under their control without a subpoena.

(b) OBJECTIONS. A subpoenaed person or a party may object to the issuance of a subpoena. An arbitrator will promptly rule on an objection by weighing the burden on the objector of complying with the subpoena against the potential value of the subpoenaed witness or documents to ensuring a fair hearing.

**5.9 Inspection or Investigation**
If all parties agree or an arbitrator determines that an inspection or investigation of a physical site is necessary, the arbitrator will provide the parties with twenty (20) days advance notice of the date, time, and location of the inspection or investigation. All parties and representatives have the right to attend. An inspection or investigation must comply with all applicable laws regarding privacy and confidentiality.

**5.10 Valuation or Appraisal**
(a) If the value of goods, property, or services is disputed, and if all parties consent to a specific valuator or appraiser on the AHLA panel, an arbitrator may appoint that valuator or appraiser to provide an independent assessment of the value or the range of values, consistent with applicable standard(s) of value.

(b) Party representatives may examine the arbitrator-appointed valuator or appraiser to the same extent as a party-appointed expert witness.

(c) The valuator or appraiser will invoice AHLA for fees and expenses in the same manner as an arbitrator and will be compensated from deposits in the same manner as an arbitrator (see Rule 7.6).

(d) This rule does not limit a party in calling its own expert(s).

**Rule 5.11 Consolidation**
(a) BY AGREEMENT. Parties may agree to consolidate one or more arbitration claims. AHLA will transfer documents and funds to whichever case site they designate, or, if no designation is made, to the site of the first of the consolidated claims to be filed.

(b) IF OPPOSED. A party may seek to consolidate two or more arbitration claims filed with AHLA by filing a motion with the arbitrator of the first filed claim (the "First Arbitrator"). The First Arbitrator may stay the other claims pending the outcome of the motion.

The First Arbitrator should grant the motion if consolidation would promote fairness and efficiency, taking the following factors into account:

(1) applicable law on the consolidation of cases;

(2) whether the procedures set forth in the agreements to arbitrate are compatible;

(3) the progress already made on the arbitrations;

(4) whether the claims raise common issues of law and/or fact; and

(5) any other factors the arbitrator deems just and relevant.

If the First Arbitrator grants the motion to consolidate, the First Arbitrator shall preside in the consolidated case.

**Rule 5.12 Joinder**
(a) BY AGREEMENT. If the parties to an existing claim, and any additional party or parties to be joined so agree, the additional party or parties may be added to a claim.

(b) IF OPPOSED. A party may move to join an additional party or parties to an existing claim. The moving party must serve the party or parties to be joined in accordance with Rule 2.2. A motion for joinder should be filed as soon as possible. The arbitrator should consider any disruption or potential unfairness that might result from an unnecessary delay in filing.

**5.13 Confidentiality**
The Administrator and the arbitrator shall maintain the confidential nature of the arbitration proceeding and any award, except as necessary in connection with a judicial challenge to or enforcement of an award, or unless as otherwise required by law.

[Top of Page]

## Section 6: Hearings

**6.1 Exchange of Information**
At least twenty (20) days prior to the hearing, the parties must exchange copies of all exhibits they intend to introduce at the hearing and furnish a list of all witnesses they intend to call. The arbitrator may permit additional time to furnish rebuttal exhibits or exhibits pertaining to unanticipated issues. An arbitrator may exclude evidence that a party fails to exchange in a timely manner.

**6.2 Transcript**
If a party wishes to obtain a record of the hearing, it must inform the arbitrator and the other parties of its intention to hire a reporter no less than ten (10) days prior to the hearing.
The arbitrator may designate a transcript as the official record of the hearing if:

(1) The parties agree to share the costs of producing a transcript, including a copy for the arbitrator;

(2) The parties authorize the arbitrator to allocate the costs of producing the transcript, including a copy for the arbitrator, in the award; or

(3) One party agrees to bear the costs of producing the transcript, including copies for the arbitrator and the other parties.

**6.3 Attendance**
(a) Arbitrations are not public forums. Generally, only the parties, their authorized representatives, and the reporter (if any) may attend a hearing. Subject to the arbitrator's approval, the parties may agree to allow other participants, and the arbitrator may permit others to attend if their presence would promote the fairness or integrity of the hearing.

(b) An arbitrator may allow a party to include an interpreter, as needed. The party desiring an interpreter is responsible for scheduling and paying for the interpreter.

(c) If a party so requests, an arbitrator may permit witnesses to attend only while testifying and may forbid them from discussing their testimony with other witnesses until the hearing is closed.

**6.4 Oaths**
The arbitrator may require witnesses to testify under an oath administered by the arbitrator or another person qualified to administer oaths.

**6.5 Conduct of Hearings**
The arbitrator will afford all parties an equal and adequate opportunity to present their case. Generally, the Claimant will present evidence to support claims (and refute any counterclaims), and the Respondent (the party upon which the claim has been filed) will present evidence to refute these claims (and support any counterclaims). Witnesses will be subject to both direct and cross examination and to questioning by the arbitrator.

The arbitrator may vary the manner in which the hearing is conducted in order to promote the fair and speedy resolution of the dispute.

**6.6 Evidence**
The parties may offer whatever evidence the arbitrator regards as relevant and material to the dispute. The arbitrator may order the parties to produce additional information he or she regards as necessary to understand the dispute and reach a full and fair resolution.

In determining what evidence to admit, the arbitrator need not follow rules applicable in court proceedings but should generally permit evidence to be introduced that is relevant, material, and will allow for a fair adjudication of the matter. Unless the parties agree otherwise, the arbitrator should not allow them to introduce information that is determined to fall within an applicable evidentiary privilege.

**6.7 Failure to Appear**
If a party or a party's authorized representative who has been notified of a hearing fails to appear, or fails to request and receive a postponement, the arbitrator must take evidence from whichever parties and representatives are present.

**6.8 Close of Hearing**
(a) GENERAL RULE. Except as provided in paragraph (b) below, when the parties indicate that they have no further evidence to present, or the arbitrator determines that the record is complete, the arbitrator will declare the hearing is closed.

(b) POST-HEARING BRIEFS. If the arbitrator sets a schedule for the submission of post-hearing briefs or other documents, the arbitrator will declare that the hearing is closed as of the final due date for such submissions.

(c) REOPENING: An arbitrator may reopen the hearing but must continue to adhere to the deadline for issuing an award set forth in Rule 7.1.

[Top of Page]

## Section 7: Final Awards

**7.1 Deadline**
An arbitrator must issue an award within thirty (30) days after the hearing is closed unless the arbitrator and all parties agree to extend this deadline. The Administrator may extend the time for issuing an award for non-payment of deposits or extenuating circumstances.

**7.2 Basis**
Except as provided in Rules 7.3 and 7.4, the Final Award must be based on evidence presented at a hearing. If a party fails to attend the hearing its evidence need not be considered.

**7.3 Consent Award**
If the parties settle a case before a Final Award is issued, they may request the arbitrator to issue the terms of the agreement in the form of a Consent Award. The Consent Award must set forth how costs and fees associated with the arbitration will be paid, including but not limited to attorneys' fees and the arbitrator's fees and expenses.

**7.4 Failure to Prosecute**
If, prior to the close of the hearing, a party fails to pursue a claim or counterclaim, the arbitrator may issue a Final Award dismissing all or part of a case either with or without prejudice.

**7.5 Scope of Relief**
An arbitrator may award any relief authorized by contract or applicable law that appears to be fair under the circumstances, including specific performance of a contract.

**7.6 Fees and Expenses**
(a) BY AGREEMENT: Except as is set forth in paragraph (c) below, if the parties have agreed on the allocation of the arbitrator's fees and expenses, and/or the parties' attorney fees, an arbitrator must implement their agreement unless it is contrary to applicable law.

(b) STANDARD ALLOCATION: Except as is set forth in paragraphs (c) and (d) below, if the parties have not specified how fees and expenses should be allocated, an arbitrator will:

(1) require the parties to pay their own attorney's fees and the expenses of the witnesses they produce; and

(2) split the costs of the arbitration process, including the arbitrator's fees and expenses, evenly between the parties.

(c) MANDATORY ARBITRATION: If the contract at issue contains a Mandatory Arbitration Clause within the meaning of Rule 2.3(b), the employer will pay the arbitrator's fees and expenses, and any other out of pocket costs incurred by AHLA to administer the arbitration, unless:

(1) the employee volunteers to pay a portion of these costs; or

(2) the arbitrator determines the employee's claim is frivolous or the employee engaged in misbehavior within the meaning of paragraph (d) below.

(d) MISBEHAVIOR: An arbitrator may require a party to pay the fees and expenses incurred by the arbitrator and/or the attorney fees of other parties, or any portion thereof, as a result of the party's lack of cooperation or abuse of the process.

7.6(e) BREACH: If, after receiving multiple requests, the employer fails to pay the basic filing fee and/or a deposit requested prior to the appointment of an arbitrator, the Administrator shall declare that the employer has breached the agreement to arbitrate and shall direct the claimant to pursue relief in an appropriate court.

**7.7 Form**
An award must be in writing and signed by the arbitrator, in compliance with applicable state and federal law.

**7.8 Reasoning**
An arbitrator should provide a concise statement of the reasons supporting his or her award unless the parties agree prior to the completion of the arbitration hearing that a reasoned award is not required.

**7.9 Corrections**
Within fifteen (15) days after receiving an award, a party may request the arbitrator to correct clerical, typographical, or computational errors in the award. The other parties will have fifteen (15) days to respond to this request. The arbitrator must respond within thirty (30) days after receiving the request. An arbitrator may not reconsider the merits of an award after it has been issued. He or she may alter the award only to correct inadvertent mistakes.

**7.10 Effect and Use**
A Final Award or a Consent Award fully and finally resolves all claims and counterclaims presented in arbitration. An award may be entered and enforced in any state or federal court with jurisdiction over a case.

[Top of Page]

## Section 8: Post-Award Proceedings

**8.1 Final Accounting**
After an award is issued and the arbitrator provides a final invoice, the Administrator will indicate to whom and in what amount or amounts it intends to issue refunds and will provide the parties with a reasonable opportunity to propose corrections. The Administrator will promptly return excess funds to the account designated by a party. If the arbitrator's fees or expenses as approved by the Administrator exceed the amount on deposit, the Administrator may invoice whichever party or parties are responsible for paying those costs.

**8.2 Release of Documents**
The AHLA will not release documents from a case file, including an award, unless it is required to do so by a valid court order or other valid legal process.

**8.3 Judicial Proceedings**
Neither AHLA nor an arbitrator it appoints is a necessary party to any judicial proceedings related to arbitration under the Rules.

[Top of Page]

## Section 9: Emergencies

**9.1 Request for Emergency Relief**
To request emergency relief, a claimant must file: (a) a claim form along with the appropriate filing fee; (b) a petition requesting emergency relief and explaining the basis for this request; and (c) proof that it has notified all parties of the petition or has made a good faith attempt to notify them.

**9.2 Emergency Appointment**
The Administrator will nominate an arbitrator to arbitrate the petition for emergency relief as quickly as possible based on the information provided by the Claimant in the claim form and any additional input other parties may choose to provide.

Based on the claim form, the petition, and any other documents the parties may have provided, the nominee will determine within one (1) day whether to accept this limited appointment.

**9.3 Standard of Review**
In determining whether to award emergency relief, the arbitrator should determine whether the Claimant: (i) is likely to succeed on the merits and (ii) will suffer irreparable harm without emergency relief, and, if so, should balance that against the burden such relief would impose on the Respondent. Whenever it is practical to do so, the arbitrator will provide the Respondent an opportunity to respond orally and in writing before ruling on the petition. However, in exigent circumstances, the arbitrator may act on the petition without receiving argument from both sides.

**9.4 Deposit**
The Administrator shall immediately require an advance deposit equal to eight (8) hours of the arbitrator's time and may require additional deposits in accordance with Rule 5.3 before an arbitrator rules on a petition for emergency relief.

**9.5 Relief**
Rules 7.5-7.9 apply to an award of emergency relief, and Rule 7.2 applies to an award for emergency relief to the extent deemed feasible by the arbitrator.

**9.6 Extension of Appointment**
After an arbitrator rules on a petition, the parties may agree to extend the arbitrator's appointment for the duration of the case. If the parties do not agree on an extension, or the arbitrator declines to accept it, the Administrator will appoint an arbitrator in accordance with Rule 3.2. The arbitrator appointed to address claims for permanent relief may resolve disputes regarding implementation of an award for emergency relief.

## Section 10: Class Arbitrations

If the parties have agreed to arbitrate a class action under the Rules, or a court orders class arbitration, the arbitrator will apply procedures based on appropriate court rules and legal standards, including the Federal Rules of Civil Procedure.

[Top of Page]

1099 14th Street NW, Suite 925, Washington, DC 20005 | P. 202-833-1100
**For payments**, please mail to P.O. Box 79340, Baltimore, MD 21279-0340
© 2026 American Health Law Association. All rights reserved.
American Health Law Association is a 501(c)3 and donations are tax-deductible to the extent allowed by law. EIN: 23-7333380