EXHIBIT 9

AMERICAN HEALTH LAW ASSOCIATION | Dispute Resolution Service

**Acceptance Form**

Claim Number: 8339

Claim Name: Dr. Sampson Kyere vs. LifeBridge Health

I hereby accept my appointment as the arbitrator of this matter and agree to abide by:

- The Terms and Conditions of Service for Neutrals set forth below;
- The AHLA Rules of Procedure for Arbitration; and
- The Code of Ethics for Arbitrators in Commercial Disputes.

**Signature:** Kimberly Daniel
Kimberly Daniel (May 1, 2024 12:02 EDT)

**Email:** kdaniel@hancockdaniel.com

**Terms and Conditions of Service for Neutrals**

**Accuracy**: I will update my neutral profile and resume as often as is necessary to ensure they remain accurate.

**Status**: Neutrals are independent contractors, not employees, and need not accept appointments. Neutrals must comply with the Dispute Resolution Service's rules, policies, and ethics codes. The AHLA Dispute Resolution Service has sole and final say over which roster members to recommend to the parties. The Dispute Resolution Service may take any actions it deems necessary in its sole discretion to preserve the fairness and integrity of the processes it administers.

**Relationship with Parties**: I will not establish or attempt to establish a direct relationship with the parties through a retainer agreement, my own list of terms and conditions, or any other means. I will not attempt to impose any duties or obligations on the parties beyond those permitted by the AHLA Dispute Resolution Service.

[For mediators and hearing officers only] If a party contacts me directly regarding a mediation or peer review hearing, I will inquire about the source of the referral. If the party identifies the AHLA roster as the source, I will advise the party to retain me through AHLA.

**Rates**: I may advertise any hourly or daily rate and may amend my advertised rate at any time. However, I may not charge the parties to a particular case more than the rate set forth in my profile as of the date on which the Administrator proposes me as a candidate for this case.[1]

**Administrative Fee**: AHLA will retain 18% of the amount reported and collected for billable time to cover administrative expenses.[2] This fee will be deducted from my hourly or daily rate. I may not

---

[1] For example, if the Administrator proposes me as a candidate for Smith v. Jones on May 1, and the rate listed in my profile on May 1 is $300 per hour, I may charge Smith and Jones no more than $300 per hour for the duration of Smith v. Jones. However, I may raise your rate to $325 per hour for future cases.

[2] The fee is the same regardless of the number of neutrals appointed (e.g., a panel of three arbitrators or co-mediators). However, if I charge a reduced rate for travel time, AHLA will reduce its administrative fee proportionately. For example, if I charge two-thirds of my normal hourly rate for travel, AHLA will retain an administrative fee of 12%.

charge for it separately, claim it as an allowable expense, or in any other way seek reimbursement for this fee. I will be reimbursed 100% for allowable expenses such as travel costs or conference call fees. AHLA does not reimburse neutrals for indirect expenses such as office overhead or advertising.

**Deposits**: If I accept an appointment, I will promptly estimate my anticipated time and expenses. I will monitor deposits and invoices through the Electronic Case Management System ("ECM") and request the Administrator to collect additional funds whenever the amount on deposit becomes insufficient to cover anticipated fees and expenses. I may request an unlimited number of deposits. The Administrator will review these requests and determine the appropriate amounts to collect from the parties.

**Invoices**: I may invoice AHLA for billable time and expenses as frequently as I wish and will be paid by AHLA via direct deposit (ACH) to a bank account of my choosing. I understand that the AHLA Dispute Resolution Service in its sole discretion may refuse to pay an invoice or a portion of an invoice it regards as unjustifiable.

**Assumption of Risk**: AHLA strongly discourages me from performing services or incurring expenses if the funds on deposit are insufficient to cover anticipated costs. If I report billable time or expenses, and insufficient funds are on deposit to pay these costs, AHLA will make reasonable efforts to collect the amount due from the parties; however, I assume the risk that AHLA will be unable to collect all or part of the reported amount. Under no circumstances will AHLA compensate me from its own funds, permit me to invoice a party or party representative, or allow me to demand or accept funds directly from a party or party representative for services rendered through the AHLA Dispute Resolution Service.

**Removal from Roster**: I acknowledge and agree that I may be removed from the roster if I:

- appear to be unable to, or fail to, perform at the level of proficiency expected by the Dispute Resolution Service;
- refuse to abide by or violate the Terms and Conditions set forth herein;
- violate the Code of Ethics for Arbitrators in Commercial Arbitration; or
- engage in conduct unbecoming of a health care neutral.

The Dispute Resolution Service Council will consider any information available to it regarding a neutral. If a quorum of the Council votes unanimously to remove the neutral, staff will notify the neutral and immediately remove him or her from the roster for future appointments. If one or more Council members vote not to remove the neutral, the Council will consider whether measures short of removal, such as counseling or a warning, are appropriate. Within 30 days of the notice date, a neutral may submit a written request to the Council to reconsider its decision; however, there is no right of appeal to the Board of Directors or any other AHLA body. The process for removing an arbitrator from a particular case is set forth in the rules of procedure for arbitration. The roster removal process set forth above does not affect appointments in pending cases.

# Arbitrator Acceptance Form - Claim 8339

Final Audit Report 2024-05-01

| | |
|---|---|
| Created: | 2024-04-30 |
| By: | Carine Brice (CBRICE@americanhealthlaw.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAGlyLMfBjPKt_7Sv_L716uRouWetl7u87 |

## "Arbitrator Acceptance Form - Claim 8339" History

Document created by Carine Brice (CBRICE@americanhealthlaw.org)
2024-04-30 - 11:31:03 PM GMT

Document emailed to kdaniel@hancockdaniel.com for signature
2024-04-30 - 11:31:05 PM GMT

Email viewed by kdaniel@hancockdaniel.com
2024-05-01 - 1:10:14 AM GMT

Signer kdaniel@hancockdaniel.com entered name at signing as Kimberly Daniel
2024-05-01 - 4:01:59 PM GMT

Document e-signed by Kimberly Daniel (kdaniel@hancockdaniel.com)
Signature Date: 2024-05-01 - 4:02:01 PM GMT - Time Source: server

Agreement completed.
2024-05-01 - 4:02:01 PM GMT