EXHIBIT 10

**AMERICAN HEALTH LAW ASSOCIATION ARBITRATION**

| | |
|---|---|
| **SAMPSON K. KYERE, JR.**<br><br>**Claimant,**<br><br>**v.**<br><br>**LIFEBRIDGE HEALTH, INC., *et al.*,**<br><br>**Respondents.** | **Arbitration No. 8339**<br>**Arbitrator: Kimberly W. Daniel**<br><br>**Hearing Date: June 26, 2024** |

**RESPONDENTS' MOTION TO STAY ARBITRATION PENDING APPEAL**

Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for Respondents*

Respondents LifeBridge Health Inc. ("LifeBridge"), and Daniel Durand, Elizabeth Zadzielski, and Omar Zalatimo (collectively the "Individuals") submit this Motion to Stay Arbitration Pending Appeal ("Motion to Stay").

## PROCEDURAL HISTORY

1. Claimant's employment with Sinai Hospital of Baltimore, Inc. terminated on September 15, 2022. (First Amended Complaint, ¶ 174.)

2. Claimant filed a Charge of Discrimination related to his employment on September 14, 2022. (*Id.*, ¶ 6.)

3. Under the Maryland Fair Employment Practices Act, Claimant was eligible to bring state law discrimination claims in court or arbitration as early as March 13, 2023. *See* Md. Code, State Gov't § 20-1013(a). However, Claimant chose not to do so at that time.

4. On August 30, 2023, the EEOC concluded its processing of the Charge and issued a Right to Sue Notice. (*Id.*, ¶ 19.)

5. On October 19, 2023, Claimant filed a Complaint in Baltimore City Circuit Court, Case No. 24C23004512 (the "First Action"). The Complaint in that matter consisted of 438 paragraphs of allegations and asserted eight counts.

6. On November 20, 2023, Respondents removed the First Action to the U.S. District Court for the District of Maryland (Case No. 1:23-cv-3158-JRR) (the "Removed First Action") because one of the counts in the First Action was explicitly brought under the Federal Americans with Disabilities Act.

7. On November 27, 2023, Respondents brought a motion before the federal court to compel Claimant to arbitration. (Removed First Action, ECF No. 5.)

8. On November 29, 2023, rather than respond to Respondents' motion to compel arbitration, Claimant unilaterally dismissed the Removed First Action under Federal Rule 41(a)(1)(A). (*Id.*, ECF No. 6.)

9. On November 27, 2023, prior to seeking dismissal of the Removed First Action, Claimant filed a new action in Baltimore City Circuit Court, Case No. 24C23005020 (the "Second Action"). Prior to serving the Second Action, Claimant filed a First Amended Complaint. Among the differences in the First Amended Complaint in the Second Action from the Complaint in the First Action include: (i) removal of the federal ADA claim; (ii) increasing the allegations to 505 paragraphs; (iii) increasing the counts to ten separate causes of action; and (iv) asserting five claims jointly against both LifeBridge and the Individuals.

10. On January 5, 2024, Respondents timely filed a Motion to Compel Arbitration in the Second Action.

11. On March 19, 2024, the Circuit Court granted the Motion to Compel Arbitration and ordered all parties to submit to arbitration.

12. On April 3, 2024, Claimant appealed the Circuit Court order compelling arbitration to the Appellate Court of Maryland (the "Appeal"). *See* Exhibit 1.

13. On May 28, 2024, on request of the Claimant, the Appellate Court ordered the Appeal to proceed without a prehearing conference or mediation.

14. The Appeal remains pending at this time.

15. On the same date as he filed the Appeal, Claimant filed the instant Arbitration using the same First Amended Complaint that had previously been filed in the Second Action as the operative complaint in this proceeding.

16. For the reasons stated below, the Arbitration should be stayed until the Appeal is fully resolved.

## ARGUMENT

### A. Failure to Stay the Arbitration Would Risk the Possibility of the Parties Wasting Significant Resources.

In his Appeal, Claimant is asking the Appellate Court to reverse the Circuit Court's Order compelling the parties to this Arbitration. *See* Exhibit 1. Based on a review of similar appeals, it is likely that the parties will not get a decision from the Appellate Court for at least 12 more months. Additionally, after a decision on the Appeal is issued, one or both parties could potentially seek further appeal from the Maryland Supreme Court, extending the timeline further.

Presumably if successful on the Appeal, Claimant would expect to start his case over against Respondents in Baltimore City Circuit Court. That means if the Arbitration is allowed to proceed while the Appeal is pending, significant resources invested in the Arbitration would be wasted if the Appeal is successful.

Moreover, based on Claimant's First Amended Complaint, Respondents estimate that the cost to defend the Arbitration will be significant — estimated to be in the realm of hundreds of thousands of dollars in attorney and arbitration fees. It would be inequitable to require Respondents to make such an investment in resources while Claimant continues to advocate to the Appellate Court that the Court should essentially invalidate any decisions made by the Arbitrator.

### B. The Policy of the Arbitration Statutes Require a Stay.

A stay of the Arbitration is necessary to effectuate the policy underlying both the Maryland Uniform Arbitration Act and the Federal Arbitration Act. Both statutes favor arbitration because of the "perceived efficiency, cost savings, and procedural simplicity of arbitration." *Park Plus, Inc. v. Palisades of Towson, LLC*, 478 Md. 35, 49 (2022); *see also COMSAT Corp. v. Nat'l Sci.*

*Found.*, 190 F.3d 269, 276 (4th Cir. 1999) (stating the "policy underpinnings of arbitration" are "speed, efficiency, and reduction of litigation expenses.").

A process whereby Respondents could be required to arbitrate the entire case, only to have to restart that very same litigation in Circuit Court, would be the antithesis of "efficiency, cost savings and procedural simplicity."

Given the underlying policy of the arbitration statutes, the recent U.S. Supreme Court case of *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) is both instructive and, ultimately, unsurprising. In that case, the defendant appealed the trial court's denial of a motion to compel arbitration. *Id.* at 739. While that appeal was pending, the court also refused the defendant's request to stay the trial court proceedings during the pendency of the appeal. *Id.* The U.S. Supreme Court reversed, holding that a trial court is required to "stay its proceedings while the interlocutory appeal on the question of arbitrability is ongoing." *Id.* at 744.

As part of its reasoning, the Supreme Court stated:

> If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost.

*Id.* at 743. The Court also stated that the scenario where the trial court proceeded, but then the appeals court reversed on the arbitration issue, would "represent[] the 'worst possible outcome' for parties and the courts: litigating a dispute in the district court only for the court of appeals to reverse and order the dispute arbitrated." *Id.*

While *Coinbase* arose under different circumstances than the instant matter, because it involved the denial (rather than the granting) of a motion to compel, the policy underlying that decision is completely applicable to the instant matter. Just as in *Coinbase*, a stay is necessary in this matter to prevent the "worst possible outcome" of an arbitration that becomes completely

negated by the Appeal; and it is further necessary to effectuate the underlying policy of arbitration statutes to promote efficiency.

**C. Claimant Does Not Have a Persuasive Basis to Oppose the Stay.**

As best as can be discerned, Claimant's only basis for opposing Respondents' request for a stay is an amorphous objection to "delay" as to the decision on the merits. But, any such delay to the resolution of the merits is fully in the control of Claimant. If Claimant wishes to speed the case to judgment, he can simply withdraw the Appeal and end the need for a stay. To the extent Claimant wishes to continue to fight this forum as the appropriate place to litigate his claims, he is fully responsible for the fact that such argument will delay a merits judgment.

Furthermore, it is worth noting that since his employment ended with the Hospital, Claimant has not acted in a manner that would promote a speedy resolution of his claims. As noted above, Claimant could have brought his state law claims as early as March 2023. Instead, Claimant waited seven months before eventually filing the First Action.[1] Furthermore, once the First Action was properly removed to federal court, and a motion to compel arbitration was filed by Respondents, Claimant took the step of dismissing the First Action and starting the case over again in state court. This unnecessarily delayed the resolution of the arbitration motion, which Claimant was well aware would be refiled and litigated in the Second Action.

In reality, if Claimant had simply filed an arbitration case in March 2023, his claim would almost certainly have reached a final judgment months ago. Claimant has chosen a different path — and in doing so revealed that quick resolution is not his top priority. Consequently, Claimant's objection to any delay caused by a stay of this Arbitration should not carry any weight.

[1] While Claimant needed the EEOC process to terminate before he could bring a claim under the federal ADA, given that he has avoided relying on any such claim in the Second Action or this Arbitration, there seems to be no practical reason for him waiting for the Right to Sue Notice before initiating suit.

## CONCLUSION

For the reasons outlined above, this Arbitration should be stayed until Claimant's pending appeal is fully resolved.

Dated: June 14, 2024

Respectfully submitted,

Micah E. Ticatch
IslerDare, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com
*Counsel for Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June 2024, I filed foregoing on the AHLA docket system, which provided notice to the following:

Tiffany Releford, Esq.
IceMiller L.L.P.
100 Light Street, Suite 1350
Baltimore, MD 21202
Tiffany.Releford@icemiller.com

Sigrid C. Haines, Esq.
Samuel P. Morse, Esq.
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
Baltimore, MD 21202
shaines@whitefordlaw.com
smorse@whitefordlaw.com

Micah E. Ticatch
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for Respondents*

# EXHIBIT 1

2024 APR -3 PM 2:21
CIVIL DIVISION

| | | |
|---|---|---|
| **SAMPSON K. KYERE, JR., MD, PhD.** | * | **IN THE** |
| **Plaintiff,** | * | **CIRCUIT COURT** |
| | * | **FOR** |
| **v.** | * | **BALTIMORE CITY** |
| **LifeBridge Health, Incorporated, *et al*.,** | * | |
| **Defendants.** | * | **Case No. Case No. 24-C-23-005020** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF APPEAL**

Plaintiff, Sampson K. Kyere, MD, PhD., by and through undersigned counsel, hereby files this Notice of Appeal to the Appellate Court of Maryland of the Order Compelling Arbitration in favor of the Defendants entered March 18, 2024 in accordance with the Maryland Rules.

Tiffany Releford w/ permission

Tiffany Releford, Esq.
IceMiller L.L.P.
100 Light Street, Suite 1350
Baltimore, MD. 21202
(410)-951-5884
(410)-951-5879 (facsimile)
Tiffany.Releford@icemiller.com

*Counsel for Plaintiff*

Sigrid Haines

Sigrid C. Haines, Esq. (9006280100)
Samuel P. Morse, Esq. (2012180120)
Whiteford, Taylor & Preston L.L.P.
8830 Stanford Boulevard, Suite 400
Columbia, MD 21045
(202) 659-6764
(410) 347-8753
(410) 347-8708
shaines@whitefordlaw.com

15 KJE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of April, 2024, a copy of the foregoing was served was served via email and U.S. Mail upon:

Micah E. Ticatch
IslerDare, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Email: mticatch@islerdare.com
*Counsel for Defendants*

Samuel Morse
Samuel P. Morse, Esq. (2012180120)

# APPELLATE COURT OF MARYLAND

**361 Rowe Blvd., Second Floor, Annapolis, MD 21401**
**www.mdcourts.gov/cosappeals / 410-260-1450**

2024 APR 11 PM 2:01

## CIVIL APPEAL INFORMATION REPORT
(Md. Rules 8-205 & 8-206)

Appellant: Sampson Kyere, MD, PhD v. Appellee: LifeBridge Health, et al.

County/Baltimore City: Baltimore City Case No. 24C23005020 Judge: Kendra Ausby

**Instructions** Except in the circumstances noted below, a party who is appealing (known as the "appellant") from a civil case in the circuit court, must file the following in the circuit court:
(1) A notice of appeal; and
(2) This completed Civil Appeal Information Report including the judgment(s) that is/are appealed.
At the time the appellant files the notice of appeal and Civil Appeal Information Report, the appellant must also serve a copy of each on all other parties or their attorneys.

**In completing this form you may use extra pages if needed.** There is no separate fee to file this form.

**FAILURE TO TIMELY FILE THIS FORM OR TO CORRECT ANY ERRORS AS REQUESTED MAY RESULT IN DISMISSAL OF THE APPEAL.**

**Exceptions:** This form is not required for cases regarding Child(ren) In Need of Assistance or Supervision; termination of parental rights; juvenile delinquency; criminal convictions; habeas corpus; coram nobis; post-conviction; violation of probation; appeals by prisoners relating to their confinement; and cases where an application for leave to appeal is allowed by law.

**For appellee(s):** Within 10 days after service of appellant's Civil Appeal Information Report, each non-appealing party (known as an "appellee") may, but is not required to, file with the Clerk of the Appellate Court of Maryland a supplemental report containing any other information needed to clarify the issues on appeal.

## COMPLETE THE FOLLOWING:

**Appellant's Name:** Sampson K. Kyere, MD, PhD
Phone (cell & work): 443-858-4389
E-mail: skyere@gmail.com

**Appellant's Attorney:** Tiffany Releford
Phone (cell & work): 410-868-0894
E-mail: tiffany.releford@icemiller.com

**Appellee's Name:** LifeBridge Health, et al.
Phone (cell & work):
E-mail:

**Appellee's Attorney:** Micah E. Ticatch, Esq.
Phone (cell & work): 703-663-1308
E-mail: mticatch@islerdare.com

**1. Select Case Type:**

☒ Contract ☐ Declaratory Judgment ☐ Foreclosure ☐ Estates/Trusts ☐ Divorce
☐ Custody ☐ Admin. Agency Appeal ☐ Workers Comp. ☐ Personal Injury ☒ Other Employment

**2. Dates & duration of any relevant trial(s) or hearing(s):** March 18, 2024; 1 hour

**3. Were any post-judgment motions filed under Rule 2-532 (Judgment Notwithstanding the Verdict); 2-533 (New Trial); or 2-534 (Alter or Amend) within 10 days of entry of judgment** ☐ YES ☒ NO

Date Motion Filed: ________ Disposition Date: ________ ☐ GRANTED ☐ DENIED ☐ PENDING

4. **Does the judgment/order appealed end the entire case against all parties?** ☒ YES ☐ NO

   If no, explain why the case is appealable under Rule 2-602 or Courts & Judicial Proceedings § 12-301 or § 12-303: ____

5. **Was *in banc* review requested under Rule 2-551 (In Banc Review)?** ☐ YES ☒ NO
   If yes, which party filed the petition for *in banc* review? ____

6. **Has there been a prior appeal in this case, or are there any pending related appeals?** ☐ YES ☒ NO

   Prior Appeal Case No(s).: ____

   Related Appeal Case No(s): ____

7. **Is this an appeal from an order about adoption, termination of parental rights, guardianship of the person, custody, or visitation?** ☐ YES ☒ NO

8. **Briefly state the issues on appeal *(Information disclosed does not limit the scope of appeal. Rule 8-205(f)).***

   Whether the Court erred in granting Defendants' Motion to Compel Arbitration

9. **Describe the history and present status of settlement negotiations *(Information disclosed is subject to Rule 8-205(f)).***

   Settlement negotations have been short and not successful

   a. Was this case previously submitted to any Alternative Dispute Resolution process (arbitration, mediation, settlement conference, etc.)? ☐ YES ☒ NO

      If so, please identify the arbitrator or mediator: ____

   b. Could this case benefit from mediation or prehearing conference services before briefs are filed?
      ☒ YES ☐ NO

*(For questions about your appeal please call the Appellate Court of Maryland Clerk's Office at 410-260-1450 or see mdcourts.gov/cosappeals)*

## CERTIFICATE OF SERVICE

I certify that on the date stated below a copy of the foregoing Report was mailed, postage prepaid to:

Micah Ticatch, Esq.
Name

1945 Old Gallows Road, Suite 650
Address

Vienna, Virginia 22182
City, State, Zip

____
Name

____
Address

____
City, State, Zip

April 11, 2024
Date

____
Signature of Party Serving

Tiffany Releford, Esq.
Printed Name