EXHIBIT 13

**AMERICAN HEALTH LAW ASSOCIATION**

**Sampson K. Kyere, Jr.,**

***Claimant*,**

***v.*** **ARBITRATION (AHLA Claim No. 8339)**

**CASE ORDER NO. 2 INTERIM AWARD**

**LifeBridge Health, Inc., et al.,**

***Respondents*.**

On May 12, 2026, Claimant filed a Motion for Leave to Amend Claim, as well as a proposed Second Amended Statement of Claim. Also filed as part of Claimant's proposed amendment was a document entitled Count X -Aiding and Abetting (collectively the proposed Second Amended Statement of Claim and Count X are referred herein to as the "Amended Complaint"). The Initial Status Conference was held on May 14, 2026. In the Initial Scheduling Order that followed, the parties were asked to meet and confer regarding the requested amendments to Claimant's initial Statement of Claim and Claimant's request to add Mr. Blum as an additional individual Respondent. Unable to reach agreement, Respondents thereafter confirmed their opposition to the Second Amended Statement of Claim and the addition of Mr. Blum as an individual Respondent and filed a motion setting forth their arguments. Claimant filed a reply to Respondents' Opposition to Motion for Leave to Amend Claim on June 2, 2026. An updated Amended Complaint was filed with Claimant's Reply Brief.

**<u>DISCUSSION</u>**

Respondents objected to the proposed Amended Complaint on the following grounds: 1) the Amended Complaint includes a claim under the Americans with Disabilities Act ("ADA") that Claimant previously had dismissed before arbitration was ordered, 2) Claimant has refused to modify the title of Count X to make clear it is based upon the tort of Gross Negligence (Count IX), and 3) the Amended Complaint includes an additional claim, not previously addressed, titled "Negligent Training and Supervision."

Although Rule 5.1 of the American Health Law Association (AHLA) Rules of Procedure for Employment Arbitration freely allows the amendment of a claim before the appointment of an arbitrator, Claimant has sought to amend his Complaint well after this event. Permission for any amendments, therefore, is required. The substantive law of Maryland, which guides the outcome of this issue, liberally allows amendments to pleadings. As the court in *Nouri v. Dadgar* observed, leave to amend should be denied only in rare situations. 245 Md. App. 324, 365, 368 (2020) (citing *RRC Northeast, RRC Northeast, LLC v. BAA Md., Inc.*, 413 Md. 638, 673 (2010)). The burden is on Respondents to show prejudice from the proposed amendments. For several reason, this standard has not been satisfied and leave to file the Amended Complaint, as modified, will be granted.

First, Respondent LifeBridge Health, the only party named in Counts I-V which include claims for disability discrimination, harassment, unlawful medical inquiry and examination, constructive discharge and retaliation, has not shown prejudice in this forum based upon the addition of ADA claim(s) that mirror the existing claims based on Maryland law in the proposed Amended Complaint. The issue of arbitrability of claims against the individual Respondents, potentially including Counts VI, VIII, IX and X, remains to be decided and discovery has not yet commenced. Whether the Amended Complaint may provide a basis for removal of this matter to federal court by LifeBridge Health after Respondents' moved to compel arbitration is presently a hypothetical question that may need to be addressed in the future by the appropriate tribunal. This does not provide an appropriate basis to deny the requested amendment at this time.

Second, leave to amend may not be denied based upon the caption of Count X or the alleged lack of clarity regarding the tort underlying the claim for aiding and abetting. Paragraph 492 of the Amended Complaint avers "Mr. Blum, Drs. Zalatimo, Zadzielski, and other unknown persons as members of the IPC aided and abetted LBH to achieve its unlawful and illicit scheme to terminate Dr. Kyere from his employment by conducting a grossly negligent and unlawful investigation into his health." Claimant has agreed to caption Count X "Aiding and Abetting Tortious Conduct." Respondents did not argue to demonstrate that the amendment should be denied based upon futility or other grounds that might show prejudice. Accordingly, the Amended Complaint should be updated to reflect the revised caption proposed by Claimant.

Finally, no prejudice has been alleged or shown regarding the addition of new Count XI, "Negligent Training and Supervision against LBH" to the Amended Complaint. As the matter proceeds and discovery is taken based upon the claims in the Amended Complaint however, this calculus may change.

## CONCLUSION

Claimant's motion for leave to amend is granted, and the Amended Complaint, as modified, shall be filed in the AHLA portal and served upon Daniel Blum, or his counsel, within five (5) business days.

The issue of what claims against the individual Respondents are subject to arbitration will be addressed next. The parties are asked to confer regarding a briefing schedule on this issue as well as a proposed hearing date, and to provide the same within five (5) business days of the date of this Order. The hearing on this issue calendared for July 10, 2026 will be rescheduled. As previously ordered, Claimant's Motion and Brief is limited to 25 pages, double-spaced. Respondents' response brief is similarly limited to 25 pages, double-spaced. Oral argument on the motion will be heard by the Arbitrator via videoconference within ten (10) after the parties' briefs are submitted. Claimant and Respondents shall each have approximately 30 minutes to present their arguments.

The issue of responsibility for the arbitrator's fees and expenses will be scheduled for briefing and a hearing, upon request, following resolution of the motion challenging arbitrability of certain claims against the individual Respondents.

Dated: Richmond, Virginia
July 3, 2026

____________/s/____________________________

Kimberly W. Daniel
Arbitrator