EXHIBIT 17

# RE: Pleadings

1 message

**Micah E. Ticatch** <mticatch@islerdare.com> Fri, May 22, 2026 at 6:23 PM
To: "Tiffany.Releford@icemiller.com" <Tiffany.Releford@icemiller.com>
Cc: "Sigrid Haines (shaines@whitefordlaw.com)" <shaines@whitefordlaw.com>, "Tsega Girma Kyere (tgirma@gmail.com)" <tgirma@gmail.com>

**Micah E. Ticatch**

1945 Old Gallows Road, Suite 650

Vienna, Virginia 22182

Direct: 703-663-1308

Fax: 703-748-2695

IslerDare

*Your workplace, our insight*

**From:** Tiffany.Releford@icemiller.com <Tiffany.Releford@icemiller.com>
**Sent:** Friday, May 22, 2026 5:23 PM
**To:** Micah E. Ticatch <mticatch@islerdare.com>
**Cc:** Sigrid Haines (shaines@whitefordlaw.com) <shaines@whitefordlaw.com>; Tsega Girma Kyere (tgirma@gmail.com) <tgirma@gmail.com>
**Subject:** RE: Pleadings

Micah,

I conferred with my client.

With respect to removal of the state court action based on this statement of claim, it is difficult for me to advise my client to make any agreements as per your request because it is not clear how the individual defendants would be able to remove a state court action based on an amendment of an arbitration claim against a separate party. If you have a case or other authority regarding this alleged removal issue, namely how amendment of an arbitration claim against a different defendant impacts a pending state court complaint, with no federal claim, against other defendants, please share that with me. Further, what is the relief your client would be seeking from the arbitrator on this issue? The relief would be not allowing an amendment to add a claim that you already dropped voluntarily, and which cost both parties a considerable amount of money.

We offered to change the title of the aiding and abetting count to "aiding and abetting tortious conduct" which is

reasonable. Averment 492 of the statement of claim also covers any question as to the underlying tort. If your client intends to file a motion to dismiss the claim, why are we going back and forth about how it is titled? As noted before this claim is nonsensical and clearly subject to dismissal. I would like to avoid a situation where you pretend you are actually pleading something different than you are representing now. With due respect, it feels like that is your exact plan since you are resisting the very very simple request that you clearly identify the nature of the claim. I have to say, I have been practicing for a decent amount of time, and I am hard pressed to think of a single example of counsel not agreeing to such a simple request.

My client does not intend to make any amendments to the statement of claim before the close of discovery. Again, we are willing to set a deadline by which my client would have to file an amendment to the claim sometime after the conclusion of discovery as set in a future scheduling order. Are you agreeable to that? I asked for less than this—that you not make any amendments absent a change of a facts and circumstances revealed in discovery. If there are such facts, I would not require you to wait until the end of discovery to bring the issue forward.

Thank you.

**Tiffany Releford** | Partner

IceMiller

P 410-951-5884 C 202-339-1781 F 410-951-5879

100 Light Street Suite 2700 Baltimore, MD 21202

Tiffany.Releford@icemiller.com | icemiller.com

---

**From:** Releford, Tiffany
**Sent:** Friday, May 22, 2026 11:53 AM
**To:** 'Micah E. Ticatch' <mticatch@islerdare.com>
**Cc:** Sigrid Haines (shaines@whitefordlaw.com) <shaines@whitefordlaw.com>; Tsega Girma Kyere (tgirma@gmail.com) <tgirma@gmail.com>
**Subject:** RE: Pleadings

Micah,

The parties should be able to resolve this issue without involving the arbitrator, and we intend to proceed on that basis. Escalation at this stage would be unnecessary and an inefficient use of the parties' time and resources.

Dr. Kyere will agree to revise the title of the "aiding and abetting" count to "aiding and abetting tortious conduct." Please confirm that this revised heading is acceptable so the issue can be put to rest.

Please also provide your position on establishing a post-discovery deadline for amendments to the statement of claim.