**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| **SAMPSON K. KYERE, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-002935-BAH** |
| | ) | |
| | ) | |
| **LIFEBRIDGE HEALTH, INC., *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>**

As explained below, this Court has subject matter jurisdiction over this case, and Defendants have met the procedural requirements found in 28 U.S.C. § 1446. Consequently, this matter was properly removed, and Plaintiff's Motion to Remand (Dkt. 11) should be denied.

**ARGUMENT**

As best as can be discerned, Plaintiff does not dispute that, ordinarily, where a plaintiff amends his pleading to add a federal claim for the first time, a defendant can remove, as long as the defendant does so within 30 days. *See* 28 U.S.C. §§ 1331, 1441, 1446. The parties agree that Plaintiff's initial complaints in both the state court and the arbitration did not raise any federal questions. (*See, e.g.,* Dkt. 1, ¶¶ 4, 6; Dkt. 11-1 at 2.) The parties agree that on July 8, 2026, Plaintiff amended his claim in the arbitration to include a claim under the Americans Disabilities Act, 42 U.S.C. § 12112 (*see* Dkt. 11-1 at 3), and that removal to this Court occurred within 30 days of that amendment (*see* Dkt. 1).

The only pertinent question for deciding the Motion to Remand is whether this Court is permitted to take notice of the underlying reality that Plaintiff is now pursuing a federal claim

through his amended arbitration pleading. For the reasons explained below, the answer to that question is "yes." Consequently, removal was proper, and the Motion should be denied.

**A. The Court Can Look Through to the Arbitration Proceeding to Determine Jurisdiction.**

Over a hundred years ago, Congress enacted the Federal Arbitration Act to provide a national policy favoring arbitration. *E.g., Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). The FAA, however, is "something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Id.* at 59 (cleaned up).

The thorny question raised by the anomalous statute is how to deal with situations where the underlying controversy subject to potential arbitration raises a federal question, but the court pleadings do not. The Supreme Court has addressed this in a trio of cases, *Vaden, Badgerow v. Walters*, 596 U.S. 1 (2022), and *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209 (2026).

In *Vaden*, Discover filed a claim in Maryland state court against Vaden related to past due charges and, in response, Vaden filed state court counterclaims. *Id.* at 54. Based on an arbitration provision in the cardholder agreement, Discover filed a petition in federal court to compel arbitration of Vaden's counterclaims under the FAA. *Id.* Even though Discover's pleading itself did not present a federal question (it invoked only a contractual right to arbitrate), the Supreme Court held that there was subject matter jurisdiction since a federal court could "look through" the petition to determine whether the actual controversy between the parties could be litigated in federal court. *Id.* at 66.

As such "*Vaden* rejected the standard articulation of the well-pleaded complaint rule ordinarily used to analyze federal jurisdiction and substituted instead, the so-called 'look through' approach," under which the determinative question is whether a federal question underlies the

dispute— not the language in the complaint. *Polyflow, L.L.C. v. Specialty RTP, L.L.C.*, 993 F.3d 295, 302 (5th Cir. 2021) (quotation cleaned up).

As one would expect, the *Vaden* look-through approach applies equally to actions removed to federal court. In *Bell v. PDS Technical Services*, the plaintiff filed a petition to compel arbitration in state court, and the defendant removed because the claims underlying the petition arose from the Fair Labor Standards Act. *Bell v. PDS Tech. Servs.*, 2010 WL 11629321, at *1 (M.D. Fla. 2010). The plaintiff moved to remand and argued that the case was an "arbitration case brought under state law" and that "the court does not need to decide any issue related to the FLSA." *Id.* at *2. Relying heavily on *Vaden*, the court concluded that it could look through the petition to the underlying controversy to determine jurisdiction:

> In the present case, Plaintiffs' petition demonstrates that a federal issue—whether PDS complied with the FLSA—constitutes the substantive dispute between the parties. Accordingly, because the underlying dispute arises from the Plaintiffs' right to compensation under the FLSA, this Court has federal-question subject matter jurisdiction over this case under 28 U.S.C. § 1331. Thus, after "looking through" the petition to enforce arbitration to the substantive dispute, the Court determines that it is appropriate to deny the motion for remand.

*Id.* at *3. *See also Bunting v. PDS Tech. Servs.*, 2010 WL 11629322, at *3 (M.D. Fla. 2010) (same).

The Supreme Court returned to the issue in *Badgerow*. In that case, an employee brought an arbitration against her former employer for wrongful termination under both federal and state law. Unlike the cases above, there was no court action filed by either party until *after* the arbitration was completed and the arbitrator ruled in the employer's favor. At that point, the employee initiated a state court action to vacate the arbitration. The employer removed the case to federal court, arguing that because the underlying controversy had involved federal law, there was look-through jurisdiction.

The Supreme Court ultimately concluded that look-through jurisdiction did not exist in matters seeking to vacate or confirm an arbitrator's award. *Id.* at 18. The Court noted that the distinction between allowing look-through jurisdiction in *Vaden* but not in *Badgerow* was logical given that in *Badgerow* the federal claims had ceased to be live issues:

> [T]hose claims may have originated in the arbitration of a federal-law dispute. *But the underlying dispute is not now at issue.* Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law. And adjudication of such state-law contractual rights—as this Court has held in addressing a non-arbitration settlement of federal claims—typically belongs in state courts.

*Id.* at 18 (emphasis added).

The most recent case, *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209 (2026), involved another arbitrable employment dispute. There, the federal court had jurisdiction because the employee asserted a federal employment law claim, and the court compelled the claims to arbitration. Following an arbitration award in favor of the employer, the employer moved to confirm in the federal court. In response, the employee argued that the court had no jurisdiction to confirm the award because under *Badgerow* there was no longer a federal question once the arbitration had concluded.

The Supreme Court sided with the employer, finding that because the federal court had jurisdiction to compel arbitration, it "retains jurisdiction to determine whether the arbitral award resolving those claims is valid and should be confirmed." *Id.* at 1214-15. The Court emphasized that its holding was consistent with the "supervisory role that the FAA envisions" for federal courts over arbitrations involving federal questions including (i) appointing arbitrators, (ii) enforcing subpoenas, and (iii) facilitating recovery of arbitral awards. *Id.* at 1220 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024)).

In sum, the trio of cases provide: (1) a federal court must look through the court pleadings to the actual controversy to determine jurisdiction when a dispute arises over whether to compel arbitration; (2) a federal court cannot look through the pleadings when the court case is first initiated after the arbitration is complete; and (3) if the federal court exercises jurisdiction at the beginning of the case, it retains that jurisdiction after the arbitration is complete.

In the instant case, Defendants moved for an order compelling arbitration, which the state court issued and stayed the litigation. However, that order compelling arbitration remains an open order controlling the parties' conduct. Consequently, although not directly on point, this case resembles the circumstances of *Vaden* because there is an order compelling arbitration at issue. Moreover, because the federal question in the arbitration was just asserted and has not yet been litigated, this situation is nothing like *Badgerow*, where the underlying federal claim was already decided by the arbitrator. Consequently, as in *Vaden*, the Court's jurisdiction is properly judged by looking through the state court pleadings and into the substance of the arbitration. As noted above, there is little dispute that once such a look-through is performed, the Court has federal question jurisdiction.

**B. <u>Defendants' Removal Meets the Requirements of Section 1446.</u>**

Plaintiff spends a significant portion of his brief arguing that the Second Amended Statement of Claim from the arbitration cannot be considered for removal purposes because it is not an amended pleading in the Second State Court Case and that "other papers" can only be used in diversity jurisdiction cases. (*See* Dkt. 11-1 at 8-11.) Plaintiff's arguments miss the mark.

The provision in 28 U.S.C. § 1446(b)(3) provides for the timing for removal— it is not a provision providing general subject matter jurisdiction for a federal court. It starts the 30-day clock for cases that could not originally be removed. *Id.* As discussed above, based on the principles established by Supreme Court precedent, this Court should look through the First

Amended Complaint to the Second Amended Statement of Claim to determine whether it has subject matter jurisdiction over this dispute. It seems rather obvious that if the Court agrees with Defendants that it has subject matter jurisdiction based on looking through the state court pleadings, then the service of the Second Amended Statement of Claim starts the 30-day clock. *See Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011).

Regarding Plaintiff's argument that "other papers" are "rarely, if ever," used for federal question cases, that is simply an artifact of the indisputable rarity of the current procedural posture — where Plaintiff has amended his arbitration pleading to add a federal claim, but has not amended the state court pleading. The fact that Plaintiff has engaged in unorthodox litigation tactics, which have rarely previously arisen, is not evidence that removal is improper.

In ordinary cases, federal question jurisdiction arises, and removal is proper, when the state court amended pleading is accepted by the Court. In a look-through case, federal question jurisdiction arises, and removal is proper, when the arbitrator accepts the amended arbitration pleading. Because Defendants removed within 30 days of that amendment, the removal was procedurally proper.

### C. <u>Plaintiff's Request for Costs and Fees Should Be Denied.</u>

For the reasons explained above, Plaintiff's Motion to Remand should be denied. However, even to the extent Plaintiff's Motion is granted, as the above discussion demonstrates, Defendants had an objectively reasonable basis for removing the case, and therefore an award of attorney fees and costs would be improper. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005) ("when an objectively reasonable basis [for seeking removal] exists, fees should be denied.").

As Plaintiff's own cases demonstrate, the type of case in which fees are granted generally require egregious conduct on the part of the defendant. For example, in *Black v. Mantei &*

*Associates, Ltd.*, the Fourth Circuit affirmed an award of attorney fees because the defendant removed a second time on the same grounds that had already led to a remand. 145 F.4th 528, 538 (4th Cir. 2025). Similarly, in *Dreamworks Motorsports, Inc. v. Klein*, 2024 WL 1860153, at *5 (M.D.N.C. 2024), the defendant removed on the basis of diversity jurisdiction despite having exceeded the clear one-year statutory bar found in 28 U.S.C. § 1446(c)(1). *Id.* at *5.

This case is nothing of the sort. The application of the Supreme Court precedents to the instant matter remains unclear; there is no binding precedent to suggest that Defendants' removal was improper; and there is not even persuasive authority applying the Supreme Court's cases to a scenario similar to the instant matter that would suggest removal was improper.

Plaintiff argues that fees are warranted because the "'well-pleaded complaint' principle has long been established." (Dkt. 11-1 at 13.) But this simply restates the question of whether the Court has the power to look-through to the arbitration proceedings. To the extent the Court has such power under *Vaden*, as Defendants believe to be the case, the traditional well-pleaded complaint rule does not apply. *See Polyflow,* , 993 F.3d at 302; *see also Bell*, 2010 WL 11629321; *Bunting*, 2010 WL 11629322.

Plaintiff also argues that emails between counsel somehow demonstrate that Defendants lacked an objectively reasonable basis for its removal. That argument is, frankly, preposterous. The email correspondence attached to Plaintiff's brief arose in the course of conferring over whether Defendants could consent to Plaintiff's proposed amendment to the arbitration pleading. In an effort to consent to adding the federal claim, Defendants requested a simple agreement by Plaintiff that he would not immediately dismiss his federal claim if Defendants removed.

Plaintiff's Counsel refused such an agreement[1] and just repeated her belief that removal would not be permitted. Counsel for Defendants responded, "I understand your argument that the court should look to the state court complaint rather than the arbitration complaint. I don't think that is correct, but it sounds like a plausible argument you could make on remand. What matters for today is that you agree you will not attempt to deprive the federal court of subject matter jurisdiction by withdrawing the ADA claim (*again*) after removal." (Dkt. 11-17 (underlining added).)

The acknowledgment that the opposing party has a "plausible" argument that Counsel *does not believe is correct* does not in any way suggest that Counsel did not have an objectively reasonable argument for removal. Plaintiff's suggestion to the contrary is entirely without merit.

Because Defendants had an objectively reasonable basis for removing, even if the Court grants Plaintiff's Motion for Remand, the request for attorney fees must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated: August 31, 2026

Respectfully submitted,

/s/ Micah E. Ticatch

Micah E. Ticatch, MD Fed. Bar No. 21208
John W. H. Harding, MD Fed. Bar No. 32129
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com
jharding@islerdare.com

*Counsel for Defendants*

[1] Following Defendants' removal to this Court, Plaintiff has not dismissed his federal claim in the arbitration as Defendants feared he might. Given his conduct following removal, it remains a bit of a mystery why Plaintiff refused Defendants' offer to consent to the amendment.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August 2026, I will electronically file and serve a copy of the foregoing via electronic mail:

Tiffany M. Releford, Esq.
ICE MILLER, LLP
100 Light Street, Suite 2700
Baltimore, MD 21202
Tiffany.Releford@icemiller.com

*Counsel for Plaintiff*

/s/ Micah E. Ticatch

Micah E. Ticatch, MD Fed. Bar No. 21208
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com

*Counsel for Defendants*